MORSE, Respondent, vs. STOCKMAN, Appellant.

*November 14 — December 4, 1888.*

EVIDENCE: DEEDS. *(1) Probate of will: Death of testator: Final decree. (2) Sheriff's deed. (3) Description in deed: Certainty.*

1. The final judgment or decree of a county court, construing a will, assigning the real estate of which the testator died seized, and settling his estate, recited, among other things, that the wife of the testator had died since his decease. *Held,* in an action of ejectment affecting a part of the real estate devised, that it sufficiently appears from such a decree that the testator and his widow had previously died, and that the will had been admitted to probate.

2. Under sec. 4154, R. S., a sheriff's deed of land is presumptive evidence that the title, estate, or interest which it purports to convey, of every person whom it purports to affect, passed to and vested in the grantee, without proof of the judgment upon which the execution issued by virtue of which the sheriff sold the land.

3. A deed purporting to convey "the southeast *corner*" of a certain quarter-section of land, and "the southwest *fractional part* of the north half" of another quarter-section, without more definite description as to dimensions, quantity, or location, is void for uncertainty.

APPEAL from the Circuit Court for *Waukesha* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the record that December 27, 1880, John M. Stockman executed his will, whereby, among other things, he, by the fourth clause thereof, devised the real estate in question to his wife, "Louisa, to her use during her life, and after her decease to" his two sons, "Charles and Ralph, during their lives, and to their heirs, share and share alike," with a power of sale in the widow; that March 18, 1881, John M. Stockman died, leaving, among other property, the lands in question; that said will was admitted to probate, and said estate settled; that January 13, 1883, the county court adjudged that the said widow, Louisa, had

died since the death of the testator; that in so far as said fourth clause of the will devised said lands to the heirs of said Charles and Ralph, the same was in violation of the statute, and void; that said lands passed by virtue of said devise to Charles and Ralph; that said real estate was thereby assigned to said Charles Stockman and Ralph Stockman, the heirs at law and devisees of said testator.

The plaintiff claims title to the *undivided one-half of said lands,* and brings this action of ejectment to recover the possession thereof, under and by virtue of three several sheriff's deeds, each dated June 3, 1884, upon a sale made March 3, 1883, upon an execution issued out of the circuit court for Waukesha county, January 12, 1883, against the property of the defendant therein, the said Charles Stockman, and to cause the amount therein specified to be made of the real estate which he had March 13, 1882, or at any time afterwards, in whose hands soever the same might be. It appears that by virtue of said writ, levy, seizure, and sale the said share of said Charles in said several pieces of land were each and all sold and conveyed to the plaintiff herein March 3, 1883, by said several sheriff's deeds; that each of said deeds was in the usual form, duly witnessed, acknowledged, and recorded June 3, 1884; that said lands were all in township No. 5 north, of range No. 18 east; and the several pieces were otherwise described in said respective deeds, substantially as follows, to wit: The *first piece* is described as "commencing at the S. E. corner of section 34; thence north, 10 degrees west, 94 rods, to the bank of the lake, allowing 6 degrees for variation of needle; thence in a northeasterly direction along the bank of said lake to the meander post on the east line of said section 34 and on the south side of the said lake, known as meander post No. 9, in said township; thence south on the east line of said section, 156 rods, to the place of beginning,— containing 9⅜ acres, more or less." The second piece is de-

scribed as "the E. $\frac{1}{2}$ of the S. W. fractional $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section number 35," excepting therefrom the following pieces of land: "A piece of land commencing at the S. E. corner of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of said section 35, thence running north 56 36-100 rods, thence west 24 rods, thence south 56 36-100 rods, thence east 24 rods, to the place of beginning,— containing 8 45-100 acres." Also excepting a piece of land described as " commencing at the N. W. corner of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of said section 35; thence south, on section line, 16 rods; thence east 49 rods; thence south, 10 degrees east, 8 rods; thence east 29 83-100 rods, to the east line of the said forty-acre lot; thence north 23 64-100 rods to the N. E. corner of said lot; thence west 80 rods, to the place of beginning,— containing 9 62-100 acres, more or less." The third piece is described as " the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 35, excepting therefrom the following pieces of land, to wit: Commencing at the center of said section 35; thence east 20 rods to the center line of the Milwaukee & Janesville Territorial road; thence south, 38$\frac{1}{2}$ degrees west, along the center line of said road, 96 rods; thence north, 44 degrees west, 92 rods; thence north 10 rods, to the quarter-section line; thence east on said quarter-section line 104 rods, to the place of beginning,— containing 30 acres, more or less." Also excepting " all that part of the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of said section 35, bounded on the east line by the east line of said quarter-section, on the south by the south line of said quarter-section, on the west by the one-eighth section line, and on the N. W. by the Mukwonago & Janesville road, containing about 45 acres, more or less."

The defendant, *Ralph R. Stockman*, is not the Ralph Stockman named in the will, but the son of said Charles Stockman, and claims title to said lands solely by virtue of a quitclaim deed dated, signed, witnessed, acknowledged,

and recorded October 3, 1881. The description in that deed as to any of the lands above described, it is said, was held void for uncertainty by the trial court, and that court accordingly directed a verdict in favor of the plaintiff for the said equal undivided one-half of the lands described. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Carney & Ryan*, attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas*, of counsel, and oral argument by *C. H. Van Alstine*. They contended, *inter alia*, that there was no evidence on the part of the plaintiff, except as contained in the order of distribution, that the will of John M. Stockman was ever proved or allowed by any court; and unless it was so proved and allowed as required by law it is ineffectual to vest any title whatever. R. S. sec. 2294; *Bridge v. Ward*, 35 Wis. 687. The final decree speaks of a will, and the county court gave construction to one part of a will, declaring such part void; but it is nowhere shown that the will referred to on the final order was proved and allowed in the county court. The best evidence of that fact is the certificate required by law to be annexed to the will by the county judge. See R. S. secs. 2296, 3793. The plaintiff also failed to prove a valid subsisting judgment upon which the executions were issued and by virtue of which the sheriff sold and conveyed the lands. The sheriff's deed is presumptive evidence of only the facts recited there. R. S. sec. 4154. The sheriff's deeds in this case do not recite any judgment.

*E. W. Chafin*, for the respondent, argued, among other things, that the final order of distribution, by its own terms, presupposes the will referred to and due administration under it, of which administration the final order purports to be the conclusion. Under sec. 4154, R. S., the sheriff's deed is presumptive evidence that it passes the title of the judgment debtor.

CASSODAY, J.　It sufficiently appears from the judgment and decree of the county court, entered January 13, 1883, that John M. Stockman and his widow had previously died, and that the will above mentioned had been admitted to probate.　It is claimed that the several sheriff's deeds were improperly admitted in evidence by reason of their not being accompanied by the several judgment rolls in which the several executions were issued upon which the sales to the plaintiff were made.　But the statute required such deeds, as well as the records thereof, to be received in evidence, "without any proof whatever of the previous proceedings, as presumptive evidence of the facts therein stated, *and that the title*, estate, or interest in the land therein described, which such conveyance purports to convey, of every person whom it purports to affect, *passed to and vested in the grantee therein* at the date thereof, or at such *previous date* as such conveyance purports to fix for that purpose."　Sec. 4154, R. S.; *Hoffman v. Wheelock,* 62 Wis. 438.　Manifestly the sheriff's deeds were *prima facie* evidence that all the title, estate, and interest which Charles Stockman had in the lands at the date fixed in the deeds for that purpose passed to and vested in the plaintiff by virtue of such deeds.　The date so fixed therein is March 13, 1882.　Besides, the attachment proceedings were put in evidence by the defendant, and it appears from them that such lands were attached at the date last mentioned in the suits in which the executions were issued.

The only remaining question is whether such title to any of the lands in question had previously passed from Charles Stockman to this defendant by virtue of the quitclaim deed of October 3, 1881, or whether that deed as to those lands was void for uncertainty.　The first piece above mentioned, of 9⅗ acres, is described in the sheriff's deed as being in the "S. E. quarter of section 34."　The only description in the quitclaim deed of any land in that quarter-section is "the

Morse vs. Stockman.

southeast *corner* of the southeast quarter of section 34."
Manifestly that describes nothing. Counsel speak of a
practical construction by previous location in fact, as in
*Messer v. Oestreich*, 52 Wis. 690; but there can be no such
construction where there is nothing to locate except a cor-
ner without dimensions. The second piece described in the
statement of facts is " the E. $\frac{1}{2}$ of the S. W. fractional $\frac{1}{4}$ of
the N. W. $\frac{1}{4}$ of section 35," excepting therefrom one piece
described, of 8 45-100 acres, and another piece, including
other lands, of 9 62-100 acres. The only land in that quar-
ter-section described in the quitclaim deed is " the W. $\frac{1}{2}$ of
the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 35," which of course
does not include any of the lands thus conveyed by such
second description. The third piece described in the state-
ment of facts is the " N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section 35," ex-
cepting therefrom one piece, including other lands, of 30
acres, and another piece, made up mostly of other lands, of
45 acres. The only lands in that quarter-section described
in the quitclaim deed are " the S. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$," and the
" S. W. *fractional part* of the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$ of section
35." Of course, the first of these two descriptions does not
include any of the land thus conveyed by such third de-
scription, as it is on the other half of the quarter-section.
While the words, " the southwest *fractional part* of the
north half of southwest quarter . . . of section 35,"
ostenblsiy relate to the north half of that quarter-section,
yet the attempt to convey a " fractional part" thereof,
without any dimension, quantity, or location, is too indefi-
nite, standing alone, to attach to any particular piece of
*land*, and is therefore void for uncertainty. We find no
evidence of any fact or circumstance in the case to aid such
attempted description. It follows that the verdict was
properly directed for the plaintiff.

*By the Court.*— The judgment of the circuit court is
affirmed.