Keller vs. Keller.

---

KELLER, Respondent, vs. KELLER, Appellant.

*October 1— October 20, 1891.*

*Action to quiet title: Uncertainty in description in deed: Parol evidence: Pleading.*

In an action to quiet title the answer alleged that the plaintiff, by a proper deed, had conveyed to the defendant "the nineteen acres of land in the N. E. ¼ of the N. W. ¼ of section 22, town 6, range 8, being the same land described in the plaintiff's complaint," and that the defendant is now the owner thereof. The deed to the defendant described the land merely as situate in a certain county, "in the N. E. ¼ of the N. W. ¼ of section 22, containing nineteen acres more or less, all in town 6 north, of range 8 east." *Held,* that parol evidence was admissible to show that at the time of the conveyance the plaintiff owned only nineteen acres in said section 22, being the land described in the complaint, and that this was the land embraced

in the deed to the defendant. WINSLOW, J., dissents, being of the opinion that the deed was void for uncertainty in the description, and that the defect could not be aided by parol evidence, under the pleadings; though under a proper counterclaim for the reformation of the deed, parol evidence would be admissible.

APPEAL from the Circuit Court for *Dane* County.

The facts are sufficiently stated in the opinion.

For the appellant there was a brief by *Bashford, O' Connor & Polleys,* and oral argument by *R. M. Bashford.* They contended, *inter alia,* that extrinsic evidence was admissible in order to place the court in the position of the parties at the time of the making of the deed, thus enabling it to identify the premises thereby conveyed, citing, besides cases cited by the court, *Prieger v. Exchange Mut. Ins. Co.* 6 Wis. 89; *Ganson v. Madigan,* 15 id. 144; *Morgan v. Burrows,* 45 id. 211; *McMillan v. Wehle,* 55 id. 685, 695; *Bybee v. Hogeman,* 66 Ill. 519. The deed was not absolutely void for uncertainty of description, but, if mistake had intervened, was subject to correction by parol proof to identify the premises intended to be conveyed. *Delap v. Taber,* 16 Wis. 654; *Kent v. Lasley,* 24 id. 654; *McClellan v. Sanford,* 26 id. 595; *Wells v. Ogden,* 30 id. 637; *Fuchs v. Treat,* 41 id. 406. This suit is to quiet title and, if the alleged cloud is a nullity and must remain so, there is nothing for the court to do to clear the title of the plaintiff, and the suit should have been dismissed. *Head v. James,* 13 Wis. 642; *Gamble v. Loop,* 14 id. 465; *Moore v. Cord,* 14 id. 213; *Meloy v. Dougherty,* 16 id. 269; *Truesdell v. Rhodes,* 26 id. 215; *Maxon v. Ayers,* 28 id. 612; *Pier v. Fond du Lac,* 38 id. 470; *Hart v. Smith,* 44 id. 220; *Cornish v. Frees,* 74 id. 495. The evidence offered by the defendant to show a mistake in the deed set up in the answer, and to show what land was intended to be conveyed by that instrument, was competent and admissible under the pleadings. If the answer was not sufficient, the court should have directed an

Keller vs. Keller.

immediate amendment upon the trial, allowing defendant to set up facts contained in the answer as a counterclaim.

For the respondent there was a brief by *Smith & Buell*, and oral argument by *R. B. Smith*. They contended, *inter alia*, that the deed was void for uncertainty and ambiguity. *Harrell v. Butler*, 92 N. C. 20; *Dickens v. Barnes*, 79 id. 490; *Shackleford v. Bailey*, 35 Ill. 387; *Massey v. Belisle*, 2 Ired. Law. 170; *Norris v. Hunt*, 51 Tex. 609; *Blow v. Vaughan*, 105 N. C. 198; *Laflin v. Herrington*, 16 Ill. 301; *Hughes v. Streeter*, 24 id. 647; *Throckmorton v. Moon*, 10 Ohio, 42; *Kingston v. Pickins*, 46 Tex. 99; *Mesick v. Sunderland*, 6 Cal. 297; *Raymond v. Longworth*, 14 How. 76; *Kea v. Robeson*, 5 Ired. Eq. 373; *Head v. James*, 13 Wis. 642; *Johnson v. Ashland L. Co.* 52 id. 458; *Morse v. Stockman*, 73 id. 89; *Peck v. Mallams*, 10 N. Y. 509; *Rollin v. Pickett*, 2 Hill, 552; *Chinoweth v. Haskell*, 3 Pet. 92. The ambiguity in the deed was patent, appearing on the face thereof, and it could not be aided by parol evidence. 1 Greenl. Evi. sec. 297. The evidence offered by the defendant, even if otherwise competent and proper, was not admissible under the pleadings. Pomeroy, Remedies, 95; *Gale v. Cutler*, 1 Pin. 253; *Warren v. Bean*, 6 Wis. 120. The defendant did not ask any amendment to her answer.

ORTON, J. The complaint is in substance as follows: The plaintiff is the owner in fee and in actual possession of all that part of the N. E. ¼ of the N. W. ¼ of section 22, Dane county, Wis., lying north and west of the highway leading to the Scotch settlement on Sugar river, except that portion thereof conveyed to the Chicago & Tomah Railway Company by two deeds,— one dated August 31, 1880, recorded September 6, 1880, in Volume 114 of Deeds, on page 9, in the office of the register of deeds of Dane county, Wis.; and the other dated July 19, 1880, recorded August 9, 1880, in Volume 112 of Deeds, on page 502, in the same

register's office; and excepting, also, the piece of land con-
veyed to Alpheus Sykes by deed dated June 20, 1881,
recorded in the same office, June 21, 1881, in Volume 115,
on page 513; and excepting, also, a piece of land conveyed
to Henry Holm by deed dated May 27, 1882, recorded in
the same office, April 12, 1886, in Volume 131 of Deeds, on
page 166; and excepting, also, the west two acres of the
said N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$,— all in town 6 N., of range 8
E., in Dane county aforesaid. The defendant made some
claim to the above-described premises, and judgment was
demanded that the plaintiff's claim to said land be estab-
lished against any claim of the defendant, and that she be
forever barred against having or claiming any right or title
to the land adverse to the said plaintiff.

The defendant answered, denying every allegation in the
complaint, except the averment that the plaintiff is in pos-
session of the premises. The answer further alleged that
the plaintiff, on April 7, 1884, by a proper deed of convey-
ance, conveyed to the defendant, for a valuable considera-
tion therein expressed, "the nineteen acres of land in the
northeast quarter of the northwest quarter of section 22,
town 6, range 8, being the same land described in plaintiff's
complaint;" and that the defendant is the owner in fee-
simple absolute of the premises described in the complaint,
and the whole thereof.

The case was tried by the court, and the finding was that
the plaintiff was the owner in fee-simple absolute of the
real estate described in plaintiff's complaint, and has a com-
plete legal title thereto, and in the actual possession thereof;
and that the defendant sets up a claim thereto by means
of a warranty deed, signed, sealed, witnessed, and acknowl-
edged as a warranty deed, containing covenants of seisin
and warranty, reciting a consideration of $1,200, dated April
7, 1884, by which the plaintiff purported to convey to the
defendant: "In the northeast quarter of the northwest

quarter of section 22, containing nineteen acres more or less, all in town 6 north, of range 8 east, Dane county, Wisconsin; " and that the defendant has not disclaimed title to said land in this action.   The conclusion of law was, in substance, that the deed referred to in the defendant's answer vested no title in the defendant to the lands described in the complaint; and that the plaintiff's objection to the testimony offered by the defendant should be sustained, and the plaintiff is entitled to judgment; and that the defendant be forever barred against having or claiming any right or title to the said lands adverse to the plaintiff; and that she release to the plaintiff all claims, etc.; and judgment was rendered accordingly, and this appeal is taken therefrom.

It is not disclosed in the finding what the real ground was for holding that the said deed of the plaintiff to the defendant vested no title in her, but it is conceded that the ground was that said deed was void for uncertainty or deficiency of description of the land.   The plaintiff proved title, by a succession of conveyances, to twenty-eight acres of said forty; and, by deduction of the parcels excepted in his deed, he showed himself entitled to only nineteen acres of the tract, precisely the number of acres in his deed to the defendant.   The plaintiff introduced parol evidence to help out the imperfect description in his own deed, by proving its location and identity by means of geographical boundaries given in the deed.   This was correct, and not subject to the objection made by the learned counsel of the defendant, and the plaintiff showed himself to be the owner of the nineteen acres in fee, and so far entitled to recover.   The imperfect description of the land in the plaintiff's deed to the defendant is apparent.   The nineteen acres of the forty-acre tract are not located or identified by means of anything in the deed itself.   The language of the deed itself leaves it uncertain what nineteen acres was intended to be

conveyed, and yet it is very suggestive as to how it may be ascertained. The plaintiff owned just nineteen acres of the forty that is fully described in the deed to the defendant, and that was all he did own of that tract. Those facts appeared by the plaintiff's own evidence. The only question open was, Was the nineteen acres mentioned in defendant's deed that same nineteen acres? The introduction of that deed, together with the plaintiff's evidence, established this fact: That the plaintiff owned and owned only nineteen acres of that tract, and he deeded to the defendant nineteen acres of that same tract. Was it the same? A court of equity would not have to force very much such an inference. · The plaintiff showed that this nineteen acres was all the land he owned in that tract, by showing who owned the residue of it by deeds and exceptions. Did not the plaintiff prove by his record and parol evidence just what land, and the only land, he owned in that tract, and the defendant showed by her deed that he had deeded to her precisely the number of acres he owned in that tract? It would almost seem that the plaintiff by his evidence had supplied the defective description in the defendant's deed. There is certainly very little evidence wanting to make it absolutely certain that these nineteen acres are the same in both deeds, in a court of equity, and that is, that the plaintiff *intended* to deed the defendant the identical nineteen acres he owned in that tract. The answer of the defendant supplies the identity of the land by the averment, "being the same land described in plaintiff's complaint;" equivalent to an averment that it is the same land he owned or claimed to own.

To prove this allegation, the learned counsel of the defendant called the plaintiff as witness, who testified, under objection, that he owned the land described in the complaint, and that he owned no other land in that section at the time he made the deed to the defendant. This the

plaintiff had already shown by his evidence. The witness was then asked, "Is that the same land that you described in the complaint that is embraced in this deed?" and he answered, "Yes, sir; it is in the deed." And he was asked further, "The same land as is in the complaint is in the deed?" and he answered, "Yes, sir; the same land." It will be observed that this evidence sustained the averment in the answer. The court finally rejected this evidence. This testimony supplied the defective description in the deed beyond all question, if the evidence of the plaintiff had not already done so.

The learned counsel of the respondent contends that this evidence was improper, and that in this action, where the plaintiff relies upon a perfect legal title in fee-simple, the defendant cannot defeat it by parol evidence or set up an equitable title in defense, unless such equitable title is set up in the answer. But this answer does set up an equitable title. She sets up a deed that conveys nineteen acres in the identical quarter of the quarter mentioned in the plaintiff's complaint and the deed to him, and shows that the defendant paid to the plaintiff a consideration of $1,200 for it; and, knowing that the description was imperfect, she avers that this nineteen acres mentioned in the deed is the same as that mentioned in the plaintiff's complaint. That does not show that the defendant had a legal title to the land, but it certainly does show that she has an equitable title or claim that a court of equity will respect. The deed was only imperfect in not locating or identifying the nineteen acres. The deed itself showed that the plaintiff had sold to the defendant nineteen acres of land, and received $1,200 for it, and that it was situated in the same and a part of the forty acres in which the nineteen acres claimed by the plaintiff was situated; and, to help out the description, the defendant avers that it was the same land described in the plaintiff's complaint. Does not this show

that the defendant has an equitable claim to the land? On this evidence the court might have been asked, by an amendment of the answer, to reform and perfect the deed, and then the defendant could have shown a good legal title to the land. But this was not done, and the defendant could only show an equitable title or claim that would defeat the plaintiff's action. The deed, thus explained by parol testimony, would be treated as an agreement to convey the land, and, as such, a good defense. *Hanson v. Michelson*, 19 Wis. 498. If the answer does not set up a counterclaim, it may yet be treated as a defense to the action. *Burr v. C. C. Thompson & Walkup Co.* 78 Wis. 227. This proceeding under the statute to bar the defendant's claims, is treated as an equitable one. *Page v. Kennan*, 38 Wis. 320; *Hart v. Smith*, 44 Wis. 220. But the defendant in legal actions may plead as many defenses as he may have, whether they be such as were formerly denominated legal or equitable, or both (sec. 2657, R. S.); and even in ejectment an equitable defense may be set up (sec. 3078, R. S.). Parol evidence to supply a defective description of the land in the deed has often been approved by this court. *Atwater v. Schenck*, 9 Wis. 160; *Whitney v. Robinson*, 53 Wis. 309; *Messer v. Oestreich*, 52 Wis. 684; *Morse v. Stockman*, 73 Wis. 89. See, also, *Merrill v. Dearing*, 49 N. W. Rep. (Minn.) 693.

The location or identity of the nineteen acres in the defendant's deed was very readily made certain by the plaintiff himself, when he testified that it was the land described in the complaint. He knew what he had deeded to the defendant and could testify to it. It was at least an *admission* of the plaintiff in open court, that the very nineteen acres he was seeking to take away from the defendant by this action was the land he had sold to the defendant, and received $1,200 consideration for it, and deeded to her, or attempted to deed to her, by this defective conveyance.

*Certum est quod certum reddi potest.* What land he had deeded to the defendant was made certain by this admission, and bound the plaintiff in the action. Ought a court of equity to have set aside and canceled the defendant's claim to the land, and ordered her to release all her claims to the plaintiff, and established the plaintiff's right to the land absolutely, after such evidence and admission of the plaintiff himself? This is a very unjust proceeding on the part of this plaintiff. He has received of the defendant $1,200 for this nineteen acres, and now seeks to obtain the land also. She is entitled to have of the plaintiff a deed containing a perfect description or identification of the land. She ought to be allowed to amend her answer, asking for the reformation of her deed to this effect.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

WINSLOW, J. I am unable to agree with the opinion of the majority of the court in this case.

The defendant by her answer set up no equitable defense or counterclaim, but simply denied the plaintiff's title, and claimed that she was the owner of the premises by virtue of a proper deed of conveyance from the plaintiff. To maintain this defense she offered in evidence a deed from plaintiff to herself, which described the land conveyed as follows: "The following described real estate situate in the county of Dane and state of Wisconsin, to wit, in the northeast quarter of northwest quarter of section twenty-two, containing nineteen acres more or less, all in town six north, of range eight east."

In aid of this deed she offered parol evidence (which was received under objection, but afterwards ruled out by the circuit court) showing that *Keller* owned no other lands in that section when the deed was executed, save the lands in controversy, and that he intended to describe the same in the deed to defendant.

Under repeated decisions of this court, it is manifest that this deed is void for uncertainty of description. *Head v. James*, 13 Wis. 642; *Johnson v. Ashland L. Co.* 52 Wis. 458; *Morse. v. Stockman*, 73 Wis. 89. It conveyed nothing, because the land could never be located. It was a patent ambiguity. Could it be aided by parol evidence? If it could not be so aided, then the circuit court made no error. I shall not attempt to review the authorities. I am aware that the strictness of the old Baconian rule, that "patent ambiguities" cannot be "holpen by averment," has been much relaxed by modern decisions; but I believe the rule still to be that a conveyance must, either on its face or by words of reference, give to the subject intended to be conveyed such a description as to identify it or afford the means of locating it. It must either be certain or furnish the *data* by means of which it can be made certain. If it does not do so, it cannot be cured by parol evidence. See *Messick v. Sunderland*, 6 Cal. 297, and cases there cited. See, also, cases cited in respondent's brief.

Applying this rule to this case, it will at once be seen that the rulings below were strictly right. If this description can be made certain and effective by parol, then I can conceive of no language so indefinite or uncertain that it cannot be helped out by parol evidence, thus effectually transferring title by word of mouth.

Doubtless the defendant could, by proper equitable counterclaim, place herself in position to introduce parol evidence for the purpose of reforming her void conveyance, but this she did not attempt to do. She was content to stand upon the deed, claiming legal title under it. In my judgment, the circuit judge was right in his rulings.