AETNA LIFE INSURANCE CO. V. ELIJAH J. PENN.

1. The insured and the beneficiary are both proper and necessary parties plaintiff to an action against an insurance company for the rescission of a policy and the recovery of premiums already paid.
2. Authority is conferred by the provisions of Rev. Stat., 5114, to remand an action by a policy holder for the rescission of his life insurance policy and the recovery of the premiums paid, for amendment by the addition of the beneficiary as a party plaintiff.
3. Laches in equitable proceedings is not a mere limitation of time but rests upon the inequity of permitting a claim to be enforced, and is founded upon some change in the condition or relation of the property or the parties and involving injury to the opposite party, through neglect to assert rights; a court of equity will not, therefore, deny relief to one who has slept on his rights, where it appears that the delay in prosecuting the suit has not worked any injury to the adverse party, but rather that a failure to examine the petitioner's claim would leave the defendant in the position of a wrongdoer who has profited by his own wrong and by the delay.

Motion to remand for amendment, by adding parties.

HOSEA, J.; HOFFHEIMER and LITTLEFORD, JJ., concurring

SUPPLEMENTAL OPINION.

The defendant in error, upon oral announcement of the court's opinion heretofore rendered (see *Aetna Life Ins. Co. v. Penn,* 16 Dec., 375), and before entry of judgment, moves the court, in accordance with the finding that the proper parties are not before it, to permit the beneficiaries to be made parties, and to remand the cause for this purpose. Counsel admits the correctness of the conclusions reached by the court as a matter of law, but claims that, as these go to the remedy only, the error of the plaintiff below in respect of the matters so found by this court are susceptible of correction within the statutory powers of the court, and that such correction is necessary in the interests of justice.

In the opinion heretofore filed, the defense that Penn was not the real party in interest, was treated as a plea in abatement based on defect of parties plaintiff; and the finding of the court, if entered as a judgment, would be in the nature of a non-suit as relating to the remedy and not to ultimate rights. Yet it is obvious, in view of the lapse of time since the beginning of the suit, that a dismissal without prejudice at this stage would, in effect, be fatal to the rights both of the insured and the beneficiaries. For this reason we have considered with care the power of the court to grant the relief asked, and its propriety as well.

The power of a court to authorize amendment in cases like that at bar is derived from Rev. Stat., 5114, which provides as follows: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or correcting a mistake * * * in any other respect, or by inserting allegations material to the case," etc.

The general spirit and purpose of this provision—as of the code generally—is indicated by Rev. Stat., 4948, which declares that "The provisions of this part, and all proceedings under it, will be liberally construed, in order to promote its object, and assist the parties in obtaining justice."

As early as *Irwin* v. *Bank,* 6 Ohio St., 81, the Supreme Court had occasion to define and emphasize the liberal spirit in which the provision under consideration was to be enforced, and said (page 87) : "Prominent among the objects of the code was to prevent the rights of a suitor, or the merits of his cause, from being sacrificed to technical rules or to the omissions or mistakes of his attorney—hence the action of the code in regard to the correction of mistakes, before and after judgment."

In *Grant* v. *Ludlow,* 8 Ohio St., 1, it is said, page 32 :

"It not unfrequently happens, especially in equity cases, that facts and allegations necessary to determine the subject-matter of the original cause of action, and dependent upon and growing out of the original cause of action, have been

omitted in the pleadings below, or the cause of action is improperly stated. Such amendments have been heretofore allowed on appeals in this state; and when the collateral facts, in equity suits, made it necessary to bring a new party in equity before the court, it has been allowed. Such amendments are made for the purpose of settling and fully determining the cause of action appealed."

In *Shamokin Bank* v. *Street,* 16 Ohio St., 1, 10, the expression is: "The general power of amendment given to the courts by the code, is very broad, and is only limited by the 'justice' of the case."

In *Neagley* v. *Jeffers,* 28 Ohio St., 90, 98, it is said: "The code provision is for the benefit of the party making a mistake, and authorizes the court, in furtherance of justice, to permit him to add or strike out the name of a party."

In *Morgan* v. *Spangler,* 20 Ohio St., 38, new parties were allowed "to be made because they were necessary parties to a full determination of the actual controversy."

In *Henry* v. *Jeans,* 48 Ohio St., 443 (28 N. E. Rep., 672), is again affirmed the "power to make new parties after judgment to prevent a failure of justice."

In *Second Nat. Bank* v. *Moderwell,* 59 Ohio St., 221 (52 N. E. Rep., 194), the court again characterizes the power of amendment under the code as "very broad."

These are a few of many cases wherein the Supreme Court has construed the code provision and applies the same even in cases before it for decision. Indeed, so late as *Cin., H. & D. Ry.* v. *Bailey,* 70 Ohio St., 88 (70 N. E. Rep., 900), that tribunal declares the code provision in question "especially applicable" with "respect to questions of practice in reviewing courts," and says that (page 91): "Since the section" (Rev. Stat., 5114) "authorizes the amendment of proceedings with respect to substantial defects, no inference against the right to amend can be drawn from the dismissal of petitions substantially defective, when no application was made for leave to amend."

And in *Lake Shore & M. S. Ry.* v. *Elyria,* 69 Ohio St., 414 (69 N. E. Rep., 738), the substitution of a new plaintiff after answer was filed, was upheld, on the ground of being

the real party in interest with the reason assigned that the section "provides most liberally for amendment by adding or striking out the name of a party," etc., on terms.

In view of the construction thus placed by our highest tribunal upon the statute, giving power to the courts in matters of amendment, we entertain no doubt of our power in the premises. The question of the propriety of its application remains to be considered.

As already shown, the mistake of a party or his counsel as to legal rights, is within the remedial purpose of the code, if the amendment does not change the cause of action. The error of the plaintiff below in the present case, is one which is not obvious, but, as our former opinion indicates, is only to be ascertained by a careful comparison and analysis of authorities, some of which were subsequent to the filing of this suit. The issue set up by the defendant below—namely, that the beneficiaries alone were the proper plaintiffs—probably involves an error equally great, since the question has never been directly determined in Ohio, and other authorities are at variance.

On principle it would seem that the interest of the beneficiary, being in the contract and relating to its enforcement, must cease when by consent of the beneficiary the contract is rescinded. The recovery of premiums, in this view, is upon the implied obligation, *ex quo et bono*, arising upon the repudiation of its contract by the insurance company, and this implied obligation apparently goes to the party paying. *Abell* v. *Insurance Co.*, 18 W. Va., 400; *Trabandt* v. *Insurance Co.*, 131 Mass., 167.

The premiums in such case are but purchase money paid upon an executory contract to deliver.

In this view, therefore, the beneficiaries are necessary parties simply for the purpose of consenting to the rescission of the contract in order that the liability of the company may not remain open. May, Insurance, Section 356.

There are dicta, as in *Manhattan Life Ins. Co.* v. *Smith*, 44 Ohio St., 156 (5 N. E. Rep., 417; 58 Am. Rep., 806), where the court refers, *passim*, to premiums paid by a husband on a policy in favor of the wife, as paid by him in the

capacity of "agent," but these cases will be found generally to refer to policies issued directly to the wife upon the life of the husband, upon her application. Such also were the cases in *Central Nat. Bank* v. *Hume,* 128 U. S., 195 (9 Sup. Ct. Rep., 41 ; 32 L. Ed., 370), and *Trabandt* v. *Insurance Co.,* 131 Mass., 167, cited in the former opinion. They are, in fact, contracts with the beneficiary ; but in the case at bar the contract was made with the husband, and he could in no proper sense be regarded as an agent of the beneficiaries, because he paid his own money as the consideration of the contract made with himself by the company.

We therefore see no reason to doubt the correctness of our former conclusion, that both the insured and the beneficiaries are necessary parties, and that the position taken by the company below was equally erroneous with that taken by the insured. The motion of the defendant in error to be permitted to add the beneficiaries, is therefore correctly framed in this respect.

The question of propriety in granting leave involves, however, the further and vital consideration of justice. That it is necessary in order to save rights to the insured and beneficiaries has been shown; and while under many circumstances such relief would be refused, because of such delay as appears in this case, yet whatever laches may be imputed to the insured in bringing on the cause for hearing is imputable with equal cogency to the company, who set up no defense of laches in the court below. *Emmitt* v. *Brophy,* 42 Ohio St., 82, 89.

But laches in equitable proceedings is not a mere limitation of time, but rests upon the inequity of permitting the claim to be enforced, founded upon some change in the condition or relation of the property or the parties, *Galliher* v. *Caldwell,* 145 U. S., 368 (12 Sup. Ct. Rep., 873; 36 L. Ed., 739), and involving injury to the opposite party through neglect to assert rights. *Ripley* v. *Seligman,* 88 Mich., 177 (50 N. W. Rep., 173).

Nothing appears in this case to indicate that the delay in prosecuting the suit has worked any injury, and we are disposed, therefore, not to apply the rule, in view of the fact

that if the main contention of the defendant in error be sound, the company is in the attitude of withholding money justly due, and so far from being injured by delay, has been benefited rather by prolonging it.

And this brings us to the final consideration of the bald justice involved in the present application. To refuse the application and thus defeat the claim without examination of the merits, leaves the company—if the claim asserted be just —in the attitude of a wrongdoer, who, having been paid *pro tanto* the purchase money upon a contract to deliver, wrongfully refused to deliver the thing contracted for and yet retains the money paid. The statement of the proposition is sufficient to show that to permit this would be gross injustice. The effect, however, of granting the motion will bring into consideration the merits of the cause, and this can not be harmful.

Upon the whole case as thus reconsidered, we think the motion should be granted. The concluding order of the former opinion dismissing the cause will be revoked and the cause remanded to special term, with directions to amend by adding new parties and by amending allegations to correspond, and the further hearing and consideration of the cause continued until the next ensuing general term. This leave is granted upon the terms of payment by the defendant in error of all accrued and accruing costs of the suit at special and at this general term, and a mandate will be sent to the court below in accordance herewith.

*J. J. Muir* and *T. B. Paxton,* for plaintiff in error.
*Louis Hicks* and *Hicks & North,* for defendant in error.