[No. 14993. In Bank.—July 21, 1893.]

THOMAS I. BERGIN, RESPONDENT, *v.* GEORGE W. HAIGHT ET AL., APPELLANTS.

ESTATES OF DECEDENTS—FRAUDULENT PURCHASE BY ATTORNEY OF ADMINISTRATOR—CONFLICTING EVIDENCE—JUDGMENT QUIETING TITLE OF HEIRS.—Where the attorney of an administrator is alleged and found to have employed the proceedings in probate for the purpose of procuring title to himself by collusion with the administrator, who is alleged to have been the passive and willing instrument of the attorney, and with a nominal purchaser at a probate sale through whom the attorney took title, and there appears to be a substantial conflict upon material testimony tending to establish or rebut the charge of fraud, the decision of the court below is conclusive upon appeal, and a judgment treating the sale as annulled for fraud in its procurement, and sustaining an action by the vendee of the heirs to quiet title as against such attorney, must be affirmed.

ID.—VOIDABLE SALE.—A mere volunteer who institutes proceedings in probate upon an estate, in which he has no interest, ostensibly to pay its indebtedness, but actually to procure a sale of part of the estate to himself, and directs, controls, and manages the proceedings successfully to that end, has no standing in a court of equity; but such sale is voidable and will be set aside at the instance of any one injured thereby.

ID.—COLLATERAL ATTACK—FRAUD—EXTRINSIC TO MERIT—QUIETING TITLE.—A complaint or action by a vendee of the heirs to quiet title as against the procurer of such voidable sale, alleging the fraud committed in its procurement, is not a collateral but a direct attack upon the sale, and a judgment for the plaintiff must be sustained where it appears that the fraud alleged and found was extrinsic or collateral to the questions determined in the probate court.

ID.—NOTICE OF FRAUD—CONSTRUCTIVE NOTICE OF PROCEEDINGS.—The heirs or their vendee are not chargeable with notice of the alleged fraud where there was nothing upon the face of the proceedings to indicate a fraudulent collusion between the administrator and his attorney, and they only had constructive notice of the administration and proceedings to sell.

ID.—TRUST RELATIONS—ADMINISTRATOR AND ATTORNEY.—An administrator acts as a trustee and agent for the owners of the property, whether heirs or assignees of heirs, and his attorney stands in the same confidential relation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Edward R. Taylor*, for Appellant.

It was necessary, in order to pass a good title to the property, that the estate should be administered upon. (*McCauley* v. *Harvey*, 49 Cal. 497; *Turner* v. *McDonald*, 76 Cal. 177; 9 Am. St. Rep. 189. See also Code Civ. Proc., sec. 1536; *Estate of Bentz*, 36 Cal. 187.) There was no fraud shown entitling the plaintiff to any relief. (Story on Equity Jurisprudence, secs. 204, 205; *United States* v. *Throckmorton*, 98 U. S. 61; *Boyd* v.

*Blankman*, 29 Cal. 20; 87 Am. Dec. 146; *Pehrson* v. *Hewitt*, 79 Cal. 594; *Murdock* v. *De Vries*, 37 Cal. 527; *Quinn* v. *Wetherbee*, 41 Cal. 247; *Ross* v. *Wood*, 70 N. Y. 10; *Ede* v. *Hazen*, 61 Cal. 360; *Pico* v. *Cohn*, 91 Cal. 129; 25 Am. St. Rep. 159.) The defendant Haight did not make the purchase, but even if he had the plaintiff could not question it, as the sale and deed were good except as against a *cestui que* trust. (*Boyd* v. *Blankman*, 29 Cal. 20; 87 Am. Dec. 146; Code Civ. Proc., sec. 1554.)

*Sullivan & Sullivan*, for Respondent.

The evidence abundantly establishes every averment of the complaint and shows premeditated fraud. (Code Civ. Proc., sec. 282; *In re Derringer*, 12 Phila. 217; *In re Houghton*, 67 Cal. 511; *State* v. *Burr*, 19 Neb. 593; *Matter of Gale*, 75 N. Y. 527; *People* v. *Beattie*, 137 Ill. 553; 31 Am. St. Rep. 384; *In re Henderson*, 88 Tenn. 539.) The estate of Soto upon his death became vested in his heirs. (*Brenham* v. *Story*, 39 Cal. 185; *Updegraff* v. *Trask*, 18 Cal. 459; *Chever* v. *Ching Hong Poy*, 82 Cal. 71; *Estate of Vaughn*, 92 Cal. 192.) Administration upon the estate of a deceased person is primarily for the purpose of paying the debts of the deceased and distributing the property of his estate among those entitled thereto. (*Owens* v. *Childs*, 58 Ala. 114; *Fitzgerald* v. *Glancy*, 49 Ill. 466–468; *Walker* v. *Diehl*, 79 Ill. 475; *Walworth* v. *Abel*, 52 Pa. St. 373; *Hibbard* v. *Kent*, 15 N. H. 519; *Woolfolk* v. *Beatly*, 18 Ga. 524; *Farrar* v. *Dean*, 24 Mo. 16–19; *Hollman* v. *Bennett*, 44 Miss. 325–332; *Moore* v. *Ware*, 51 Miss. 2J9–211; *Presbyterian Church* v. *McElhinney*, 61 Mo. 543; *Fitch* v. *Witbeck*, 2 Barb. Ch. 163; *Estate of Cornwall*, Tuck. 250.) The proceedings in administering upon the estate of Soto were void. (Code Civ. Proc., sec. 1298; *Paul* v. *Willis*, 69 Tex. 266; *Duncan* v. *Veal*, 49 Tex. 610, 611; *Harwood* v. *Wylie*, 70 Tex. 542; *Woolfolk* v. *Beatly*, 18 Ga. 524; *United States* v. *Babbitt*, 1 Black, 61; *Telegraph Co.* v. *Eyser*, 19 Wall. 427; *Township of Pine Grove* v. *Talcott*, 19 Wall. 676; *Wingerter* v. *Wingerter*, 71 Cal. 111.) The probate proceedings and sale, if not void, were a fraud against which the plaintiff is entitled to relief. (Code Civ. Proc., sec. 1573; *Johnson* v. *Waters*, 111 U. S. 654, 659, 665, 667, 668; *La Rue* v. *Friedman*, 49 Cal. 278; *Baker* v. *O'Riordon*, 65 Cal.

368; *Caldwell* v. *Caldwell*, 45 Ohio St. 512; *Tobelman* v. *Hildebrandt*, 72 Cal. 315.) Haight's purchase cannot stand, as neither an administrator nor his attorney can purchase at his own sale. (*O'Connor* v. *Flynn*, 57 Cal. 295; *Owen* v. *Foulkes*, 6 Ves. 630, note; *Ex parte James*, 8 Ves. 343; *Atkins* v. *Delmege*, 12 Irish Eq. 1, an instructive case; *West* v. *Waddill*, 33 Ark. 586–588; *O'Dell* v. *Rogers*, 44 Wis. 178; *Phillips* v. *Benson*, 82 Ala. 500; *Hawley* v. *Cramer*, 4 Cowen, 733; *Moore* v. *Moore*, 5 N. Y. 261; *Cram* v. *Mitchell*, 1 Sand. Ch. 256; *Wade* v. *Harper*, 3 Yerg. 383; *Baker* v. *Humphrey*, 101 U. S. 494.) The administrator held the property as trustee for the heirs. (*Magraw* v. *McGlynn*, 26 Cal. 429; *Ex parte Smith*, 53 Cal. 208; *Wheeler* v. *Bolton*, 54 Cal. 305; *Dohs* v. *Dohs*, 60 Cal. 259.) It was the duty of the administrator to give the parties interested notice of the sale. (*Hart* v. *Ten Eyck*, 2 Johns. Ch. 62; *Richardson* v. *Sage*, 57 Cal. 212.)

The COURT.—ᴵAction to quiet the alleged title of plaintiff to five undivided twelfth parts of a lot of land situtate in the city of San Francisco. The judgment of the trial court was in favor of the plaintiff, and the defendants appeal from the judgment and from an order denying their motion for a new trial.

The cause was tried by the court and findings were expressly waived. It appears that Francisco Soto, who died intestate in this state in 1856, was seized of the lot in question at the time of his death; and that he left surviving him five sisters and a brother who were his only heirs-at-law.

In March, 1866, two of these sisters conveyed to plaintiff an undivided half of all their right, title, and interest in said lot, by deed of grant, bargain, and sale, which was duly recorded August 10, 1870. Thereafter, on April 7, 1868, three others of said heirs conveyed to plaintiff an undivided half part of all their right, title, and interest in said lot by a like deed, which was also recorded on August 10, 1870. And it is admitted that, by virtue of these conveyances, plaintiff was the owner of an undivided five twelfths of said lot at the time of the commencement of this action, unless he had been divested of his title thereto by an alleged sale of the lot, by order of the probate court, to James Gordon, under whom the defendant Haight claims title to the entire lot.

It is alleged in the complaint, however, that the order of sale and the confirmation thereof to Gordon, under whom defendant claims, were fraudulently obtained by collusion of the administrator with Gordan and the defendant Haight; that the administrator was merely the passive and willing instrument of defendant Haight, by which the latter, in fact, administered upon the estate, and, through Gordon, became the purchaser of the property at his own sale thereof.

The principal point made by appellant is that the evidence does not justify the finding of the fraud charged; but, after a careful consideration of the facts and circumstances of the case, we cannot say that they would not justify a finding that the defendant Haight procured the appointment of Sander, and employed the proceedings in probate for the purpose of securing the title in himself—that he, in fact, administered upon the estate and through Gordon became a purchaser at his own sale. It would serve no useful purpose to detail the facts and circumstances upon which we think an implied finding such as stated above may be supported. The court below saw and heard the witnesses, and there being in our judgment a substantial conflict upon material testimony tending to establish or rebut the allegation of fraud, its decision is conclusive upon us.

Upon the findings necessarily implied in the decision of the court below, we entertain no doubt as to the right of the plaintiff to the relief herein sought. A mere volunteer who institutes proceedings in probate upon an estate in which he has no interest and for the ostensible purpose of paying the debts of such estate, but, in fact, to procure a sale of a part of the estate to himself, and directs, controls, and manages the proceedings in probate successfully to that end, has no standing in a court of equity. Such a sale is voidable and will be set aside at the instance of any one injured thereby.

It is claimed by appellant that this is a collateral attack upon the orders of the probate court, and that since the record of the proceedings show that the court had acquired jurisdiction, and that the proceedings were upon their face regular, the order confirming the sale cannot be thus attacked.

It is true, the court did acquire jurisdiction to administer upon the estate, and to order and confirm the sale of the prop-

erty; but it does not follow therefrom that this is a collateral attack. The attack is a direct attack upon the sale, on the ground of fraud, and as such is authorized by law. (Van Fleet's Collateral Attack, pp. 4, 5, 15, and authorities cited.) It is not every species of fraud, however, which may be the basis of an action to vacate an order or judgment. To be actionable, as stated by our chief justice in *Pico* v. *Cohn*, 91 Cal. 129; 25 Am. St. Rep. 159, it must be "a fraud extrinsic or collateral to the questions examined and determined in the action. . . . . Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or, where an attorney fraudulently pretends to represent a party, and connives at his defeat, or being regularly employed, corruptly sells out his client." The fraud herein relied upon falls within the principle illustrated by the example stated above, and certainly within the principle underlying many other cases. (*Jones* v. *Hanna*, 81 Cal. 507; *Johnson* v. *Waters*, 111 U. S. 667; *Griffith* v. *Godey*, 113 U. S. 93; *Mayberry* v. *McClurg*, 51 Mo. 256; *Hardy* v. *Broaddus*, 35 Tex. 668; *Warner* v. *Blakeman*, 4 Keyes, 487; *La Rue* v. *Friedman*, 49 Cal. 278; *Caldwell* v. *Caldwell*, 45 Ohio St. 513.) The plaintiff had only constructive notice of the administration and proceedings to sell. Furthermore, there is nothing upon the face of the proceedings to indicate a fraudulent collusion between the administrator and his attorney. There was no opportunity to determine an issue of fraud in the probate court. The administrator was acting as trustee and agent for the owners of the property, whether such owners were heirs or assignees of heirs, and the defendant stood in the same confidential relation. (*Ex parte James*, 8 Ves. 343; *O'Dell* v. *Rogers*, 44 Wis. 136–178; *West* v. *Waddill*, 33 Ark. 586; *Phillips* v. *Benson*, 82 Ala. 500; *Hawley* v. *Cramer*, 4 Cowen, 718–733; *Baker* v. *Humphrey*, 101 U. S. 494.)

The judgment and order are affirmed.

HARRISON, J., being disqualified, did not participate in the foregoing decision.

Rehearing denied.