## In re HEALY'S ESTATE.*

Sac. No. 858; September 10, 1901.

### 66 Pac. 175.

Administrator—Attorneys Acting for Different Parties.—Code of Civil Procedure, sections 1597–1599, provides that, when a person who is bound by contract in writing to convey any real estate dies before making the conveyance, the court, after a hearing in which all interested parties may appear, may decree that his executor or administrator convey such realty to the person entitled thereto; and section 1664 declares that in all estates any person claiming to be an heir to the deceased may file a petition in the estate to ascertain and declare the rights of all persons to the estate, in which petition the name of the administrator shall be set forth, and a notice served on him.   In the settlement of an estate, a nephew of the deceased

---

*For subsequent opinion in bank, see 137 Cal. 474, 70 Pac. 455.

claimed the entire estate by virtue of a promise made by the deceased to leave the claimant the property in consideration of certain services. Held, that the administrator was a proper, if not necessary, party, under either theory of the action, and hence the attorneys for the estate could not act as the attorneys for the claimant.

Administrator—Acquiescence in Conduct of Attorneys.—Where an administrator knew that his attorneys had been retained by one of the heirs to prosecute a claim for the entire estate under promise of the deceased, and did not intervene in the action, or discharge his attorneys, he will be deemed to have acquiesced in the conduct of his attorneys.

Administrator—Grounds for Removal.—Civil Code, Section 2230, declares that neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or anyone for whom he acts as agent has an interest adverse to that of his beneficiary, and section 2233 stipulates that, if a trustee acquires any interest, or becomes charged with any duty, adverse to the interest of his beneficiary in the subject of the trust, he may at once be removed. Held, that an administrator who acquiesced in the conduct of his attorneys in accepting a retainer by one of the heirs who claimed the entire estate had violated the duties of his trust, and should be removed, the attorneys, as his agents, occupying confidential relations to the heirs.

Administrator—Removal—Appeal.—Under Code of Civil Procedure, section 1438, providing that in proceedings for the removal of an administrator the petition and answer must be in writing, a record on appeal is properly authenticated, though the petition, answer and order are not incorporated in the bill of exceptions, where the same were in the record certified to by the clerk.

APPEAL from Superior Court, Lassen County; F. A. Kelley, Judge.

Application by Annie McCabe Thomas for the removal of J. W. Hosselkus as administrator of the estate of Matthew Healy, deceased. From an order denying the petition, the petitioner appeals. Reversed.

A. A. De Ligne and Albert M. Johnson for appellant; Goodwin & Goodwin for respondent.

PER CURIAM.—Deceased died intestate in September, 1897, and J. W. Hosselkus was appointed administrator of the estate, and since has continued such administrator. In September, 1899, Annie McCabe Thomas, one of the heirs,

filed a verified petition, containing allegations upon which she asked to have the letters of the administrator revoked, and some other competent person appointed in his place. The administrator filed his answer, denying specifically all the allegations of fraud and misconduct contained in the petition. The court found all the allegations of the petition to be untrue, and made an order refusing to revoke the letters. This appeal is from the order, upon the record and a bill of exceptions.

The code provides for the revocation of letters of administration upon written allegations and proof showing that the administrator has wasted or mismanaged the estate, or has committed or is about to commit a fraud thereon, or that he is incompetent to act: Code Civ. Proc., secs. 1436–1438. It is claimed that the evidence shows that the administrator is in league with one Ulty McCabe, and by his conduct is committing a fraud upon the estate by aiding and assisting said McCabe as against the other heirs. This claim is based upon the fact that the conduct of the attorneys for the administrator, with his knowledge and consent, is such that from it fraud or willful misconduct should be inferred as against the administrator. The administrator throughout the administration has been represented by the law firm of Goodwin & Goodwin. It appears that the said firm, during the progress of the settlement of the estate, has been retained upon a contingent fee by Ulty McCabe, one of the heirs, who claims the entire estate, under a contract, as against the other heirs. It is the settled law in this state that an administrator cannot represent either side of a contest between heirs, devisees or legatees. His duty is to preserve and protect the estate, and distribute it as the court may direct: Roach v. Coffey, 73 Cal. 282, 14 Pac. 840; Goldtree v. Thompson, 83 Cal. 421, 23 Pac. 383. If this were a contest between the heirs as such, and for the purpose of determining the persons upon whom the law casts the estate, the rule in the above cases would apply. But even then it would certainly appear more in accord with professional ethics for the attorneys who represent the administrator to take no part in a contest between the heirs as such. If the administrator should remain neutral in such contest, it would certainly seem that his attorneys should do so. They are allowed a fee by the court, paid out of the entire estate, for the purpose of remunerating them for the skilled services they render to

the administrator in the care and protection of the estate
and the litigation that may arise in connection therewith.
As the fee is paid by all the heirs out of the estate, it does
not seem that the attorneys who have received the fee should
during administration, and while really employed by all the
heirs, be allowed to take part in litigation between them.   As
attorneys for the administrator, they are acting for and re-
tained by all the heirs.   As attorneys for one heir, they are,
in the same estate, acting against the others who are paying
them a fee.   But in this case the facts show a condition of
affairs which make it plain that it is highly improper for the
administrator or his attorneys to aid or assist Ulty McCabe.
Ulty McCabe is a nephew and one of the heirs of deceased.
The deceased, it appears, left surviving him a brother, a sister
and several nieces and nephews, children of deceased brothers
and sisters.   In March, 1899, Ulty McCabe, by his attorneys,
Goodwin & Goodwin, who are attorneys for the administrator,
filed a complaint, which he verified, setting forth that a con-
tract was made in May, 1881, when he was only fourteen years
of age and deceased fifty-three, by which deceased agreed that,
if McCabe would leave Ireland and come to California, and
live with deceased until his death, deceased would bequeath
and devise to him all and singular his estate.   It is alleged
in the said complaint that plaintiff fully performed the said
contract on his part, but that deceased, on the twenty-sixth
day of September, 1897, died, without having carried out his
part of the contract by making a will, as he had agreed to do.
The plaintiff asks that the court may, by its decree, establish
the contract between him and the deceased, as alleged in the
complaint, and that all the estate may be awarded to him, and
that his title thereto be quieted as against defendants.   All
the heirs of said deceased are made parties to said suit, but
not the administrator.   The action is in the nature of an
action for specific performance, and also in the nature of an
action to determine as to who are the heirs entitled to dis-
tribution.   The complaint asks that the alleged agreement,
made by deceased in his lifetime, to convey all the real and
personal property of the estate, may be enforced, and that
defendants, and each of them, be ordered to execute to plain-
tiff a good and sufficient deed to the property.   It also asks
that it may be decreed that plaintiff is entitled to have all
the property of the estate distributed to him.   If it be treated

as an action to compel a conveyance by virtue of a contract made by deceased in his lifetime, under sections 1597–1599 of the Code of Civil Procedure, then the administrator is a necessary party. If it be treated as a complaint to determine heirship, under Code of Civil Procedure, section 1664, it is necessary that notice of the application shall be served upon all persons interested in the estate to appear and show cause before the court acquires jurisdiction. The administrator must be named in the notice, and the decree to be rendered is conclusive as to the title to all the property of the estate. It would seem, in such case, that the administrator is a proper, if not a necessary party. The complaint by McCabe makes out much such a case as in the contract discussed in Owens v. McNally, 113 Cal. 447, 33 L. R. A. 369, 45 Pac. 710, and the similarity is certainly such as to excite our curiosity. It was said in Owens v. McNally that such a contract might, in certain cases, be binding, and the subject of specific performance. It was held, however, that the contract in that case could not be specifically enforced, for the reason that it was too uncertain as to the services to be rendered. It is carefully alleged in the complaint by McCabe as to what the services were to consist of. It may be that the uncertainty pointed out in Owens v. McNally did not exist in the contract made by deceased with McCabe; at least it is not so in the complaint. Contracts of the kind set up by McCabe are viewed by the courts with suspicion. The lips of deceased are closed by death. The parties who would know of the transaction, if it really occurred, are probably dead. If a party should set up such a contract fraudulently, he could, with the same view, select his witness or witnesses, placing the transaction at such time and place that no one could contradict it. Therefore every presumption is against the truth of such alleged contract, and courts will not uphold them unless the proof is clear and convincing. It is therefore important that, when a claimant appears and asserts such contract, the administrator, if not required to defend and resist the claim, should keep his hands clean as to the matter. He should not be allowed to pay money to aid in proving such contract; neither should he, as administrator of the estate, pay attorneys who are aiding in proving such contract. All the heirs are represented by him. He should protect the estate against all unjust claims. If this is an unjust claim, why should not he protect

the estate against it? If the claim had been for a money demand, verified (as it is) and presented against the estate, and the administrator believed it to be unjust or false, it would have been his duty to reject it. In such case, would his attorneys be allowed to bring suit for the claimant, and the administrator allowed to shield himself by saying that it did not concern him? In this case the same principle applies. The contract set forth might result in taking all the estate from the heirs and giving it to McCabe by reason of the contract, and not by reason of any heirship. The attorneys are to receive from McCabe a contingent fee. They declined to state the amount, or to show their contract with McCabe. It may be that they are to receive an equal portion of the estate in case of recovery. Can they protect the estate while acting as attorneys in a suit in which they are trying to get a portion of it themselves? They, as attorneys for the administrator, have access to all the books and private papers of the estate. It may be that the administrator has, among such private papers, a written contract, made by deceased with McCabe, as to his services, which would entirely disprove the contract set up by McCabe. If so, would the attorneys for the administrator give it to the attorneys for McCabe, and would they introduce it in evidence in McCabe's case against the heirs?

It seems clear to us that the attorneys for the administrator should not be allowed to act as attorneys for McCabe. It might be that an administrator should not be removed because his attorneys, without his knowledge, have been guilty of improper conduct. But he must, in such case, as trustee, act promptly, and remove the attorneys, and secure others, so that the estate cannot suffer. In this case the facts in the record do not show such conduct on the part of the administrator that we can hold him free from censure. Among the assets of the estate there were some seventeen hundred head of cattle, which were appraised, and afterward sold by the administrator to Hall and Long. When the cattle were being delivered under the sale, McCabe claimed that his wife was the owner of thirteen head of them, and was allowed to take the thirteen head from the band without objection from the administrator. The administrator testifies that upon receiving the information that McCabe had taken the thirteen head,

"I did not consider that there was anything to investigate, because, if Ulty McCabe's wife claimed the cattle, I supposed they were hers. . . . . I did not consider it my duty to find out, for, if they belonged to Mrs. McCabe, they did not belong to the Healy estate. . . . . My attorneys advised me I had nothing to do with the controversy between Long and Hall and Ulty McCabe and wife." The administrator knew of the suit brought by McCabe, and that Goodwin & Goodwin were his attorneys. He says in his testimony: "I did not mention the matter to them, as I did not consider it was any of my business. . . . . I had a conversation with W. N. Goodwin, in the course of which I asked him how Ulty was coming out, and he responded, 'All right.' That is all I did. . . . . I took no measure to protect the heirs, or do anything whatever for them in the case. . . . . I remember when the demurrer to the complaint was argued in this court. I was present during the entire hearing. I remember that Mr. Goodwin appeared for Ulty McCabe. . . . . I do not know why Ulty McCabe claims the whole of the estate, and I do not know why the other heirs resist the claim." Although the administrator was notified of the suit by McCabe, he did not ask to intervene in the action, so as to protect the estate from an adverse claim, nor did he notify the other heirs in any way. We think from the above facts it may well be inferred that the administrator has acquiesced in the conduct of his attorneys, and has thus violated the duties of his trust. As administrator for the estate, he is a trustee: Code Civ. Proc., secs. 1581–1583; Bergin v. Haight, 99 Cal. 56, 33 Pac. 760, and cases cited. It is provided in Civil Code, section 2230, that "neither a trustee nor any of his agents may take any part in any transaction, concerning the trust, in which he or anyone for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary." Then follow certain exceptions, of which this case is not one. It is further provided in sections 2232–2234: "No trustee, so long as he remains in the trust, may undertake another trust adverse in its nature to the interest of his beneficiary in the subject of the trust without the consent of the latter. If a trustee acquires any interest or becomes charged with any duty, adverse to the interest of his beneficiary in the subject of the trust, he must immediately inform the latter thereof and may be at once removed. Every violation of the provisions of the preceding sections

of this article is a fraud against the beneficiary of the trust.''
Section 2239 provides: ''A trustee is responsible for the
wrongful acts of a cotrustee to which he consented or which,
by his negligence, he enabled the latter to commit, but for
no others.'' The attorneys for the administrator, under the
above provisions, are his agents, and occupy the same confi-
dential relations to the heirs: Bergin v. Haight, 99 Cal.
56, 33 Pac. 760. Therefore, what the administrator cannot
do, his attorneys cannot do. They are his agents, to assist
and advise him as to his trust. He could not bring an action
against the heirs of the estate for the entire amount thereof,
while administering upon it for the heirs. If he cannot, his
attorneys cannot. He will not be allowed to do indirectly
what he cannot do directly. The case of In re Jones' Es-
tate, 118 Cal. 503, 62 Am. St. Rep. 251, 50 Pac. 766, is cited
by respondent in support of the ruling of the court here.
In that case no objection had been made to the appearance
of the attorney in the court below, and was a minor point,
made in the reply brief here for the first time. The point
did not arise in a direct proceeding for the removal of the
administrator, and the remarks used by the commissioner in
the opinion must be treated as obiter dictum. But in that
opinion it is said, in speaking of the right of the attorney
for the administrator to appear for one of the heirs as
against another, ''We can conceive of situations where it
might be improper.'' This is one of those situations in
which it is improper. Upon the facts appearing in this rec-
ord it is plainly the duty of the lower court to suspend the
powers of the administrator pending further proceedings,
and to revoke the letters of administration if the facts should
appear as in this proceeding.

Objection is made by respondent that the record is not
properly authenticated, for the reason that the petition, cita-
tion, answer and order are not incorporated in the bill of
exceptions. The code provides that the petition for re-
moval and the answer must be in writing, and upon the issues
thus raised the case must be determined: Code Civ. Proc.,
sec. 1438. The petition, answer and order are in the record
certified to by the clerk. This is sufficient: Miller v. Lux,
100 Cal. 613, 35 Pac. 345, 639. The order is reversed.