[Civ. No. 5967. First Appellate District, Division Two.—April 24, 1928.]

CAYETANO C. APABLASA et al., Appellants, v. CONCEPCION APABLASA DE SEPULVEDA et al., Respondents.

Randall, Bartlett and Rex B. Goodcell, Randall & Bartlett, Hunsaker, Britt & Cosgrove and John W. Luter for Appellants.

Haas & Dunnigan for Respondents.

KING, P. J., *pro tem.*—Plaintiffs are sons of Cayetano Apablasa, who died November 14, 1889, leaving a widow, defendant Concepcion Apablasa, now Concepcion Apablasa de Sepulveda, wife of defendant Ildefonso A. Sepulveda, mother of the plaintiffs and four other children, who are also defendants.

The action seeks to have it adjudged that their mother holds certain property which was distributed to her by decree of distribution in the estate of Cayetano Apablasa, with its rents, issues, profits, and proceeds, in trust for the use and benefit of plaintiffs and their brothers and sisters, and for an accounting.

The amended complaint alleged that shortly before their father's death he expressed to his wife "his desire and intention that all of his property should remain in his family and be devoted to the maintenance and support of his said wife and the education, maintenance, and support of the said children of himself and the said defendant during the lifetime of said defendant, and upon her death all of said property, together with the accumulated rentals, income and proceeds thereof, should go to his said children, without sale, partition or division, deducting therefrom only a sufficient amount to pay for the upkeep and maintenance of said property, and for the education, maintenance, and sup-

port of the said defendant and the children of the said defendant and the said Cayetano Apablasa.

That at said time the said defendant promised and represented to the said Cayetano Apablasa that if he would put said property in her charge on his death she would carry out his said desire and intention, and would protect the interests of the children of the said Cayetano Apablasa and herself in the matter of said property, and would properly manage said property and provide for the education, support and maintenance of said children during her lifetime, and that the said children would receive said property upon her death. That the said Cayetano Apablasa believed the said promises and representations of the said defendant, and in reliance thereon and in pursuance of his desire and intention he entered into an agreement with the said defendant that he would, by will, place the property in her charge on said terms. That in pursuance of said desire and intention, and the said agreement of the said defendant Concepcion Apablasa de Sepulveda, and in reliance upon her promises and representations, the said Cayetano Apablasa caused a will to be prepared, a copy of which is attached. That said defendant and the said Cayetano Apablasa employed an attorney to draw said will, marked exhibit 1, and that the said defendant caused the said attorney and did herself advise the said Cayetano Apablasa, that the language and terms of said will marked exhibit 1 were expressive of the desire and intention of the said Cayetano Apablasa, and in accordance with the agreement between said Cayetano Apablasa and the said defendant, and that the legal effect thereof would be to cause his estate to be dealt with and to be distributed by the courts in pursuance of the desire and intention expressed by said Cayetano Apablasa, as hereinbefore alleged.

Plaintiffs are informed and believe, and therefore allege, that the said Cayetano Apablasa, relying upon the representations of the said defendant Concepcion Apablasa de Sepulveda and the said attorney, and believing that said will would have said legal effect, and that the said defendant would perform all of her said promises, and having trust and confidence in the said defendant and said attorney, did, on or about the fifteenth day of October, 1889, duly

execute and publish his last will and testament. A copy of the will is incorporated in the complaint.

After the death of their father the will was admitted to probate, the mother acting as executrix.

No guardian or representative acted for the seven children, whose ages, at their father's death, ranged from ten months to sixteen years.

The will provides:

"Secondly, I hereby declare that the property in which I now reside on Grandview Avenue in the city of Los Angeles and the interest held by me in the lot on Castelar Street in Los Angeles City is community property and that the property on Alameda Street in said city is my separate estate—having been acquired by inheritance from my father.

"Thirdly, I give and bequeath to my beloved wife Concepcion Apablasa, all my property real and personal wherever the same may be situated with full power and control over the same to lease, improve and manage the same and collect the rents thereof and use the same as she may deem best without any order or proceeding in any court or tribunal other than such as are required by law to establish this will in so far as I can legally dispense with legal proceedings—and it is my will and desire that my said wife shall not sell any of said property, but shall retain the same and carry on and manage the same for the benefit and support of herself and the education and maintenance of our children John C. Apablasa now aged sixteen years, Cayetano C. Apablasa aged thirteen years, Mariya Apablasa, aged twelve years, Concepcion Apablasa aged seven years, Sara Apablasa aged three years, Benjamin Apablasa, aged four years and Candelaria Apablasa, aged ten months— trusting to my said wife to make all necessary and proper provision for their support, education and maintenance at all times during her lifetime and it is my wish that my said wife shall by her will or otherwise before her death, vest the title to the property on Alameda Street, derived from my father, as aforesaid, in my said children or such of them as may then be living and in the children if any there be of my said children who shall have died leaving issue then living—To the end and with the purpose of keeping said property in my family, for their support and maintenance, without partition, such conveyance to be of undi-

vided interests therein, share and share alike to my said children.''

The complaint also alleges that on July 28, 1891, the executrix as such executrix filed in said matter her petition for distribution of the whole of said estate to her. That she alleged in said petition, and plaintiffs are informed and believe and therefore allege, that she and her attorney represented to the court on the hearing thereof, and thereby led the judge hearing said proceeding to believe that said defendant Concepcion Apablasa was the sole devisee under the will of Cayetano Apablasa, deceased. That upon such petition and representation, and by reason thereof, the court made and entered its decree of distribution in said matter, distributing the whole of the estate of said deceased to said defendant Concepcion Apablasa de Sepulveda. That the proceedings in said matter were, except as herein stated, regular on the face of the records, and that by reason thereof there is no appeal from said decree of distribution. That neither of these plaintiffs had any actual knowledge of the terms of said decree until the year 1923, and made no effort to ascertain any facts in regard to said proceedings, or the status of said property, by reason of the facts hereinafter alleged.

That during all of the time said matter of the estate of Cayetano Apablasa was pending in said court, the said defendant had the actual custody and control of these plaintiffs and of the other minor children of Cayetano Apablasa and herself and was their natural guardian and was acting as such. That during all of this time these plaintiffs and said other minor children relied upon said defendant, their mother, to properly represent them in said proceedings and to secure for them their respective interests and just and lawful shares in said estate.

That after the death of the said Cayetano Apablasa, the said defendant Concepcion Apablasa de Sepulveda undertook to and did improve and manage and collect the rents of the real property described in said will, and did make certain provisions out of the rentals, incomes and proceeds thereof for the benefit and support of herself and of the children named in said will, according to the desire and intention of said Cayetano Apablasa, for the benefit of the beneficiaries therein named in said will, according to the

desire and intention of the said Cayetano Apablasa, for the benefit of the beneficiaries therein named and not otherwise, and that during all the times since the death of said Cayetano Apablasa, up to and including the month of July, 1923, the said Concepcion Apablasa de Sepulveda assured and represented to these plaintiffs that she, the said Concepcion Apablasa de Sepulveda, had received said property under said will and was holding the same under the provisions thereof, and as trustee thereunder and according to the desire and intention of said Cayetano Apablasa, and for the benefit of herself and the said children, according to their interests in said property under said will, as such interests are defined and provided for thereby, and according to their father's desire and intention, as expressed therein, and as expressed to her before his death, and not otherwise, and during all of said time said Concepcion Apablasa de Sepulveda assured and represented to these plaintiffs and to the said other children that she, as their mother, was treating and would treat them fairly and was protecting and would protect them in the matter of their said interests in their said father's estate, and would, at any time, upon demand, render an account of her acts as such trustee, and yield and deliver to each of said children all sums of money, property, or interests to which they were and are entitled as therein set forth, and that the interest of each child was a one-seventh interest in all the property left by their said father.

That these plaintiffs and the said other children relied upon the assurances, representations and promises, and relied upon the fact that the said Concepcion Apablasa de Sepulveda was their mother and natural guardian, and thereby and from all the circumstances hereinbefore stated, believed that said Concepcion Apablasa was holding possession of said property as such trustee only, and for the use and benefit of all of said children, according to their interests under said will, and according to their father's wishes and intentions, and not otherwise, and that she, the said Concepcion Apablasa de Sepulveda, would, on demand, account to all of said children for her acts as such trustee and yield and deliver to each of said children all sums of money, property or interests to which they were and are entitled as herein set forth.

It is then alleged that in 1912 the defendant Concepcion Sepulveda sold the Alameda Street property and that said defendants paid to plaintiffs the sum of $40,000, and at the time of said payment stated and represented to plaintiffs that the property was sold for their benefit and that the said sum so paid was their share of the proceeds of said property; that the said sum of $40,000 did not fully cover and embrace the interest of plaintiffs, as beneficiaries under said trust, in the proceeds of the sale of said property; and that plaintiffs should have been paid a greater sum as their share of the proceeds of the sale of said property, the exact amount of which is to plaintiffs unknown.

That plaintiffs never knew that defendant Concepcion Apablasa de Sepulveda claimed any interest in and to said property or any part thereof, except as trustee for plaintiffs and their said brothers and sisters, as heretofore set out; that from time to time after the death of the said Cayetano Apablasa the said defendant Concepcion Apablasa de Sepulveda, up to and just prior to the sixth day of July, 1923, gave plaintiffs sums of money which she, the said Concepcion Apablasa de Sepulveda, told plaintiffs were given to them by her as trustee, according to the terms of the said will; that plaintiffs relied upon the said statements and representations of their mother, the said defendant Concepcion Apablasa de Sepulveda, and believed that she was holding said property and the whole thereof in trust for the benefit of plaintiffs, and their said brothers and sisters, and did so believe until on or about the sixth day of July, 1923, when the said defendant Concepcion Apablasa de Sepulveda stated to plaintiffs that the said properties and all of them were hers, and that neither plaintiffs nor their brothers nor sisters had any right, title or interest in and to said properties, or any part thereof.

That the said defendant Concepcion Apablasa de Sepulveda is now in possession and control of and is using and enjoying for her sole and exclusive use and benefit certain enumerated property coming from the estate of Cayetano Apablasa.

That the said defendant Concepcion Apablasa de Sepulveda is receiving and has long received rents, issues, profits, and proceeds from said properties, of an amount and character to the plaintiffs unknown; that said defendant Con-

cepcion Apablasa de Sepulveda has neglected and refused, and still neglects and refuses to account to plaintiffs as to said properties, or any of said properties, and said rents, issues, profits and proceeds and to state and set forth the property belonging to said Cayetano Apablasa at the time of his death; and has refused and still refuses to turn over to plaintiffs their part of the said properties and said rents, issues, profits, and proceeds, or any part or portion of the same; that the said properties and said rents, profits and issues and proceeds of said properties are the properties and the rents, profits, issues and proceeds of the properties that the said defendant Concepcion Apablasa de Sepulveda promised and agreed with the said defendant Cayetano Apablasa to receive and hold.

The original complaint was filed November 7, 1924. A demurrer was sustained to it and the amended complaint was then filed, to which a demurrer was interposed and sustained, without leave to amend, and a judgment of dismissal entered in behalf of defendants Concepcion Apablasa de Sepulveda and Ildefonso A. Sepulveda, the only defendants appearing. From this judgment of dismissal the appeal is taken by plaintiffs.

The demurrer is, first, general; second, on the ground of misjoinder of parties defendant in that the sisters of plaintiffs are joined, and that the complaint is uncertain, ambiguous, and unintelligible; and third, that any cause of action is barred by sections 318, 322, 336, and 338 of the Code of Civil Procedure.

It is necessary to present the foregoing voluminous excerpts from the pleadings in order to intelligently discuss the demurrer.

Four briefs are presented by appellants and two by respondents.

The grounds of demurrer will be taken up in their order.

First, the general demurrer:

The complaint seeks to establish an involuntary trust. It names the person sought to be charged as trustee, the beneficiaries, sets forth a description of the properties in which it is sought to establish the trust, and gives the terms of the trust. It also alleges the facts which are alleged to give rise to the trust.

Appellants practically concede that the decree of distribution is a conclusive adjudication that legal title under the will is vested in Mrs. Sepulveda free of any precatory trust created by the will and hence that the allegations attacking the decree of distribution on the ground of fraud are surplusage, but strenuously contend that the remaining allegations of the complaint of themselves constitute a perfect cause of action.

Appellants' claim then is that Mrs. Sepulveda promised her then husband that if he would devise his property to her she would carry out his desires and intentions as to his children; that thereupon he did so devise the property, which was distributed to her, and that she now claims this property as her own. Under the terms of section 2224 of the Civil Code, appellants claim that she, having gained this property by fraud, thereby became an involuntary trustee of it for the family of her deceased husband. To maintain this claim they must show extrinsic fraud.

In the *Estate of Walker*, 160 Cal. 549 [36 L. R. A. (N. S.) 89, 117 Pac. 511], the court held that if through accident, fraud, or mistake the distributees are holding property under a decree of distribution "to which they are not entitled, equity will do justice, not by overthrowing the decree of distribution, but by declaring the distributees to be involuntary trustees of the rightful owners of the property." . . . "The sanctity and immunity of a decree of distribution which has become final attaches to the decree itself and not to those who under it may have derived an unconscionable advantage through fraud, accident or mistake."

In *Mulcahey* v. *Dow*, 131 Cal. 74 [63 Pac. 159], the court concedes that section 2224 of the Civil Code, "in its terms is broad enough to apply to judgments of courts adjudicating property rights"—referring to a decree of distribution— and quotes with approval *Wickersham* v. *Comerford*, 104 Cal. 495 [38 Pac. 101], that "It was necessary for the plaintiff to establish by clear and indubitable proof, to the satisfaction of the superior court, that the order setting apart the homestead had been obtained through some fraud practiced upon that court by the defendant" and proceeds further to say "Again, fraud must be shown which is extrinsic and collateral to the cause."

In *Sohler* v. *Sohler*, 135 Cal., at 330 [87 Am. St. Rep. 98, 67 Pac. 285], the court, after reviewing the English doctrine, held that, while permitting the probate to stand, as having no power to set it aside, the false legatee or wrongful legatee should be decreed to be a trustee for the rightful claimant. This case adopts the statement in Pomeroy's Equity Jurisprudence, section 919, and note, that "When probate is obtained by fraud, equity may declare the executor or other person deriving title under it a trustee for the party defrauded."

The extrinsic fraud for which a judgment may be set aside is defined by Lord Cairns in *Patch* v. *Ward*, L. R., 3 Ch. App. 207, to be "Actual fraud such that there is on the part of the person chargeable with it the *malus animus,* the *mala mens* putting itself in motion and acting in order to take an undue advantage of some other person for the purpose of actually and knowingly defrauding him." (*Parsons* v. *Weis*, 144 Cal. 419 [77 Pac. 1007].)

As the court says in *Wingerter* v. *Wingerter*, 71 Cal. at 110 [11 Pac. 855], "This action was not brought to set aside the deeds and decree of distribution, but to charge the defendant as an involuntary trustee, for the benefit of plaintiff, of the property which he fraudulently and wrongfully obtained under them. The action was authorized and proper, and plaintiff was entitled to the relief sought." Citing *O'Connor* v. *Flynn*, 57 Cal. 293; *Olivas* v. *Olivas*, 61 Cal. 382. See, also, *Lataillade* v. *Orena*, 91 Cal. 576 [25 Am. St. Rep. 219, 27 Pac. 924], *Bergin* v. *Haight*, 99 Cal. 52 [33 Pac. 760], and *Curtis* v. *Schell*, 129 Cal. 208 [79 Am. St. Rep. 107, 61 Pac. 951]. ■ These authorities lead to the conclusion that the complaint contains sufficient allegations to constitute a cause of action and that the general demurrer should have been overruled.

Second, the misjoinder:

■ The other children of decedent have, as alleged, a common interest with the plaintiffs, and when they refused to join as plaintiffs were properly named defendants as provided by section 382 of the Code of Civil Procedure. ■ As to the special demurrer for uncertainty, ambiguity, etc., from what has been said before in this discussion it appears that the demurrer on these grounds is not well founded.

242

■ And, third, as to the ground of the running of the statute, sections 318, 322, 336, and 338 of the Code of Civil Procedure:

The complaint avers that plaintiff never knew that their mother, defendant, claimed any interest in the property other than as trustee, and believed she was so holding it till July 6, 1923, when she stated the property was hers and that plaintiffs and her other children had no right or interest therein. This date is sixteen months prior to the filing of the original complaint and therefore the action is not so barred.

The judgment appealed from is reversed with directions to the trial court to overrule the demurrer.

Sturtevant, J., and Nourse, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 21, 1928.

All the Justices concurred.