ASHBY, Plaintiff in Error, v. WINSTON *et al.*, Defendants in Error.

1. During the pendency of a suit on a promissory note, the plaintiff, to secure a note executed by him in favor of one A., executed an instrument in the following form: [After recitals] "I do by these presents transfer, assign and set over to said A. all my right, title, claim and interest in and to said suit, or to such judgment as I may obtain against said W. in said suit, or so much thereof as may be sufficient to satisfy said note first above recited and I do hereby authorize C., my attorney in said suit, or the sheriff of said county, whenever said money shall be collected of said W., to pay over the same to said A. or so much thereof as shall be necessary to satisfy said debt." *Held*, that this operated as an equitable assignment of the note sued on and gave to the assignee a right to control the suit; that W., having notice of the assignment, would have no right to compromise the suit without the consent of A.

2. Where there is a misjoinder of causes of action any defendant may demur to the petition; where, however, there is a joinder of improper parties as defendants, the defendant or defendants improperly joined can alone demur.

*Error to Cole Circuit Court.*

This was an action instituted by Thomas T. Ashby against A. P. Dorris, William Kerr and G. B. Winston. Plaintiff set forth in his petition substantially that Dorris and Kerr, by their promissory note dated July 2, 1855, promised to pay plaintiff $743.22 one day after date; that said note is still due and unpaid; that before and on the 8th day of July, 1855, Dorris had pending a certain suit against Winston founded on two promissory notes, amounting to between $1500 and $1600, executed in favor of said Dorris by Win-

ston ; that Dorris, in order to secure to plaintiff, Ashby, the payment of the above note for $743.22, made and executed to plaintiff a certain instrument of assignment ; that by the terms of said deed of assignment said Dorris transferred, assigned and set over to this plaintiff all his right, title, claim and interest in and to said suit, or to such judgment as the said Dorris might obtain against said Winston in said suit, or so much thereof as might be sufficient to pay off and satisfy said note due this plaintiff ; that said deed of assignment authorized M. M. Parsons, the then attorney of said Dorris in the suit against Winston, or the sheriff of Cole county, whenever the said money should be collected of said Winston, to pay over the same to this plaintiff, Ashby ; that Winston had full knowledge of this assignment ; that plaintiff took the assignment by the advice of said Winston ; that Winston afterwards compromised said suit with Dorris, and paid the money to Dorris and had the suit dismissed without the knowledge or consent of plaintiff and in fraud of his rights ; that Dorris & Kerr are, and were at the time said compromise was made, insolvent. "Plaintiff therefore asks judgment against the said defendants, Dorris, Kerr and Winston, for the amount of said note hereto annexed and interest, and for such other and further relief as he may be entitled to in the premises."

Dorris and Kerr answered, admitting their liability on the note, but setting up an offset in a small amount. Winston demurred on the grounds that there was a misjoinder of parties defendant ; that there was a misjoinder of causes of action ; that the petition does not show a cause of action. This demurrer was sustained.

*Parsons* and *Adams*, for plaintiff in error.

I. The assignment by Dorris to plaintiff was legal and valid both in law and equity and could be enforced. (Parsons on Contracts, 196 ; Chitt. on Cont. 628–9 ; Morton v. Naylor, 1 Hill, 583 ; Walker v. Mauro, 18 Mo. 564.)

II. The petition contains only one object ; that is the recovery of the plaintiff's debts due by Dorris and Kerr, and

for which Winston became liable by the assignment, with his advice and consent, by Dorris. Dorris and Kerr being the original debtors to plaintiff, in order to recover against Winston it was essential that they should be made parties in order to determine whether any debt existed with which Winston could be charged. They, as appears from their answers denying the amount of the debt by pleading set-off, had an interest in the controversy adverse to the plaintiff, and were therefore necessary parties to the complete settlement of the controversy. (R. C. 1855, p. 1218, sec. 4; Varrick v. Smith, 5 Paige, 160; Story's Eq. Pl. 300, 314; Edwards on Parties, 79, 80, 81.) If on the trial it had appeared that Davis and Kerr were not necessary parties, the court had the power then to strike them out and render judgment against Winston.

III. The court below could not sustain the demurrer on the ground that Winston, the party demurring, was not a necessary party. He was the real party. If Dorris and Kerr were improperly joined, it did not lie in his mouth to demur for them. They waived the question by answering. (R. C. 1855, p. 1231.)

*Morrow*, *Edwards* and *Ewing*, for defendants in error.

The petition is multifarious. The cause of action against Winston is different from that against Dorris and Kerr, and can not be joined in the same suit. (Robinson v. Rice, 20 Mo. 229; Alexander v. Warrdull, 17 Mo. 231.) There is no error in rendering judgment on the demurrer as to Winston. (See Lyon v. Page, 21 Mo. 107.) The demurrer ought to have been sustained as to Winston. There was clearly misjoinders of causes of action and of parties. Dorris and Kerr's liability was upon direct promise in writing. If Winston is liable at all, which he denies, from the face of the pleading issue is upon an implied promise no way connected with the original promise from Dorris and Kerr to Ashby.

RICHARDSON, Judge, delivered the opinion of the court.

The instrument of writing executed by Dorris to the plaintiff operated as an equitable assignment of the notes men-

tioned in it, and carried with it the right of the plaintiff to control the suit and to take the fruits of the judgment when obtained to the extent of satisfying the debt owing by Dorris and Kerr; and if Winston had notice of the plaintiff's interest he was bound to treat him as the real owner, and had no right to compromise the suit without the plaintiff's consent. Only one cause of action is disclosed in the petition. It is alleged that Winston, with full notice and in fraud of the plaintiff's rights, compromised the suit and paid the money to Dorris; and this allegation, in connection with the averment that Dorris and Kerr are insolvent, makes it apparent that the real controversy is with Winston.

The prayer for judgment against all the defendants does not determine the character of the action; for, as the form of the action must be determined by the matter set forth in the petition and not by the name which the plaintiff may give it, so the plaintiff is not limited, where there is a defence, to the relief asked in the petition; but the court may grant any relief consistent with the case made and embraced within the issue. (R. C. 1855, p. 128, sec. 12.)

When several causes of action are improperly united, any defendant may demur; but when the objection arises on the face of the petition that there is a joinder of improper parties as defendants, it can only be raised by the demurrer of the party improperly joined. (Story Eq. Pl. § 237; see Pinckney v. Wallace, 1 Abbot P. R. 82.) Winston and Dorris were proper and necessary parties to the suit, and neither of them therefore could demur for the misjoinder of Kerr.

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.