### IN

# THE SUPREME COURT

### OF

## THE STATE OF MISSOURI,

### JANUARY TERM, 1864, AT JEFFERSON CITY.

---

THOMAS T. ASHBY, Defendant in Error, *v.* GEORGE B. WINSTON, ALEX. P. DORRIS, and WILLIAM KERR, Plaintiffs in Error.

*Assignment—Agent—Payment.*—A, having a suit pending against B, made an assignment of so much of the proceeds as would satisfy a debt due by himself to C. B, after having received notice of the assignment, compromised with A and paid the money to the attorney of A, who applied the same according to the directions of A. *Held*, that although C had a right to control the suit, the attorney employed by A was not the agent of C, and that the sum paid was not a payment to C. (Ashby v. Winston, S. C., 26 Mo. 210.)

### *Error to Benton Circuit Court.*

Ashby held a note of Dorris & Kerr for $743.22; Dorris held the notes of Winston for a larger amount, upon which he brought suit. Subsequently he made a written assignment to Ashby of the suit or of so much of the proceeds realized therefrom as should be sufficient to pay his note to Ashby; of this assignment Winston had notice. Winston compromised the suit with Dorris, who paid part of the money to

his attorney, who was also attorney for Charless & Blow, who had a judgment against Dorris. Ashby then sued Dorris, Kerr, and Winston, on the ground that Winston's compromise was in fraud of the assignment of which he had notice. (See Ashby v. Winston, 26 Mo. 210.)

The court, at the instance of the respondent, instructed the jury as follows:

1. If the jury are satisfied from the evidence that Dorris & Kerr are indebted to plaintiff on the note in evidence as executed by them to plaintiff, and that Dorris & Kerr were insolvent, and the plaintiff for the sole purpose of securing the payment of said debt took the assignment read in evidence, and that Winston before the compromise had notice of such assignment, then Winston was bound in equity to treat plaintiff as the real owner so as to control the suit, and so as to take the benefit of such judgment as might have been obtained to the amount of Dorris & Kerr's indebtedness on their note to him, and Winston had no right to compromise the suit without the consent or authority of plaintiff; and though Dorris and Winston compromised their suit, and though Winston paid to Dorris the amount agreed upon in the compromise, yet the jury will find for the plaintiff against Winston to the amount really due Dorris by Winston, if anything, on said notes, at the time of the assignment, to the extent of the indebtedness of Dorris & Kerr to plaintiff.

2. And if Winston before such assignment represented to plaintiff that there was sufficient due on said note to satisfy plaintiff's claim on Dorris & Kerr, and advised plaintiff to get such assignment for the sole purpose of securing said demand, and that in pursuance of such advice and representations plaintiff obtained said assignment with the knowledge and consent and advice of Winston, and that Winston afterwards, without the knowledge or authority of plaintiff, compromised the suit in fraud of plaintiff's rights, then they should find for the plaintiff against Winston to the amount of the indebtedness of Dorris & Kerr on their said note, notwithstanding any such failure or consideration.

3. In giving Winston notice of the alleged assignment, it was not necessary for Ashby to give him a copy of it, or read it to him : it was sufficient for him, or any other person for him, Ashby, to notify him verbally that the assignment had been made and he held it.

The defendant then asked the court to give the following instructions :

1. If the jury believe from the evidence that the consideration of the notes upon which Dorris sued Winston failed, as stated in Winston's answer, they will find for defendant, unless he induced Ashby to take the assignment, in which case the first defence founded upon a failure of consideration relied upon by defendant cannot avail him.

2. Although Winston may have had notice of the assignment, or may have induced Ashby to take it, and although Ashby may have had the right under the assignment to control the suit and to take the proceeds of the judgment when obtained to the extent of satisfying his debt, as the assignment authorized M. M. Parsons, Dorris' attorney in said suit, whenever said money should be collected of said Winston, to pay over the same to said Ashby ; if the jury are satisfied from the evidence that the compromise was made with Dorris, and enough money paid to him to satisfy Ashby's debt by Parsons' advice, the jury must find for defendant.

3. Although Winston may have had notice of the assignment, or may have induced Ashby to take it ; and although Ashby may have had the right under the assignment to control the suit, and to take the proceeds of the judgment, when obtained, to the extent of satisfying his debt, yet as the assignment itself authorized M. M. Parsons, Dorris' attorney, whenever said money should be collected of Winston, to pay over the same to Ashby, if Parsons, with knowledge of the assignment, collected of Winston $601.00, or Dorris did it by his advice and paid it over to him, it was Ashby's money, and the jury must deduct such amount from the amount claimed by Ashby from Winston in this suit.

4. If the jury believe from evidence that Winston compromised with Dorris by the advice of M. M. Parsons, and that Parsons was Ashby's attorney, and authorized as such to act for Ashby in receiving the money; in other words, if the jury believe the compromise was made by authority given by Ashby, they must find for the defendant.

The court gave the first instruction asked by defendant, and refused the second, third, and fourth ; to which refusal of the court defendant excepted.

*Ewing*, *Smith*, and *Freeman*, for defendant in error.

There is no error in the instructions given by the court at the instance of the plaintiff. They are in conformity with the principles laid down by this court in this case, in 26 Mo. 210.

*Gardenhire* and *Edwards*, for plaintiffs in error.

I. The court erred in refusing the second, third, and fourth instructions, asked for defendant. The assignment, upon its face, shows that Parsons was to continue the prosecution of the suit, representing Dorris' and Ashby's interest after the assignment, as he had Dorris' before the assignment. Ashby accepted the assignment thus drawn, and by his acceptance gave Parsons authority to receive the proceeds of the suit so far as he was concerned. Parsons was thus, by the very terms of the assignment, the attorney of both Dorris and Ashby, with full authority to prosecute the suit, receive the proceeds, and dismiss the action. Payment to an attorney is good. (1 Wash. Va. 10.) His acknowledgment of satisfaction or discharge of a judgment binds his client. (Coxe, 214; 13 Mass. 320; 4 Mumf. 465; 4 Conn. 517; 1 Greenl. 257; 8 Pet. 18.) He may arbitrate his client's cause without special authority. (1 Dall. 164; 7 Cranch, 436; 16 Mass. 396.) He may assent to assignment of the debtor's property for the benefit of his creditors. (1 Sumner, 537.) He may receive seizin for the creditors on a levy of an execution on the debtor's lands. (13 Mass.

363.)   He may compromise for his client if reasonable.   (7 Cranch, 436 ; 5 Pet. 99.)

II. The assignment contemplated that Dorris and his attorney should have entire control of the suit after the assignment as before.   Ashby by accepting the assignment thus shown, and leaving them the entire control of the suit, necessarily authorized them to receive the proceeds, and he is bound by their acts, they having received enough to pay his debt.   (3 J. J. Marsh, 506–509.)

BATES, Judge, delivered the opinion of the court.

This case was in this court once before, and the decision then made is reported in 26 Mo. 210.

After the cause was remanded, the defendant, Winston, answered, and the case was tried and judgment given for the plaintiff, and the defendant brought the case again to this court.

Several defences were attempted.   1. It was contended that the consideration of the notes upon which Dorris sued Winston failed, and consequently Dorris having no right of recovery against Winston, Ashby, as the equitable assignee of Dorris, had none.   The defendant, by the instruction of the court, received the full benefit of this defence ; but the jury found against him upon the facts.

2. That the assignment from Dorris to Ashby authorized M. M. Parsons to receive from Winston the money which he owed Dorris for Ashby, and that the compromise was made by Dorris with Winston by Parsons' advice, and, therefore, that the payment made by Winston to Dorris (which was greater in amount than Dorris' debt to Ashby) was, in effect, a payment to Ashby, and Winston was thereby discharged. This defence was overruled by the court.   There was no error in this decision.   The proposition was based upon the idea that Parsons was the attorney and representative of Ashby, made such by the assignment from Dorris to Ashby, which idea was incorrect.   The only authority vested in Parsons was to pay over the money to Ashby, if he should re-

ceive it. He had no authority from Ashby to control the suit or to direct the disposition of the proceeds thereof. He was not Ashby's attorney, agent, or representative. He was Dorris' attorney in the case against Winston, but had no care of Ashby's interest.

3. A portion of the money received by Dorris from Winston was paid by Dorris to Parsons, as the attorney of Charless & Blow, who had a judgment against Dorris to satisfy that judgment, and the defendant claimed that the amount so received by Parsons was *pro tanto* a satisfaction of Ashby's claim. This defence was also properly overruled. Winston's liability to Ashby was made perfect by his compromise with Dorris, in violation of Ashby's right to control the suit and receive the fruits of it, and was not lessened by the mere fact that subsequently some of the money paid by him to Dorris was so used by Dorris that it came to the possession of Parsons as the attorney of third persons. Parsons did not receive the money from Winston either directly or through Dorris. He received it from Dorris, (for a particular purpose,) and without any regard to the service from which Dorris received it, and Winston was not affected injuriously or beneficially by Parsons receipt of this money, which had already passed beyond Winston's control. No error prejudicial to Winston appears in the record.

Judgment affirmed. Judges Bay and Dryden concur.