HOFFMAN and others vs. WHEELOCK and others.

*February 6 — March 3, 1885.*

*(1) Appeal to S. C.: Frivolous demurrer. (2) Administrator's deed: Fraud: .Cloud upon title. (3–5) Misjoinder of causes of action: Injunction: Who may demur.*

1. An order striking out as frivolous a demurrer to the complaint and allowing the defendant to answer upon the usual terms will not be reversed unless the demurrer was well taken.

2. An administrator's deed, though fraudulently given, is *prima facie* evidence of the regularity of the proceedings prior to the sale and creates a cloud upon the title of the heirs.

3. A cause of action against an administrator *and others* growing out of a fraudulent sale of land by the administrator, and a cause of action against the administrator *alone* for waste committed prior to the sale, cannot be joined.

4. But if no separate judgment is asked against the administrator for damages on account of the waste, the allegations relating thereto may be proper as bearing upon the right to an injunction restraining further transfers of the land; and in any case the misjoinder should not prejudice the right to such injunction.

5. The administrator, as well as the other defendants, may demur to the complaint on the ground of such misjoinder, although if he were the sole defendant the causes of action might be joined. [Whether all the defendants may demur *jointly*, is not determined.]

APPEALS from the Circuit Court for *Douglas* County.

The facts will sufficiently appear from the opinions. The defendants appealed from an order striking out a demurrer to the complaint, and from an order refusing to set aside a temporary injunction.

For the appellants there were briefs by *Hiram Hayes*, attorney, and *Pinney & Sanborn*, of counsel, and the cause was argued orally by *Mr. Pinney*.

For the respondents there were briefs by *John M. Olin* and *Edward P. Vilas*, and oral argument by *Mr. Vilas*.

The following opinion was filed upon the first appeal:

TAYLOR, J.   This is an appeal from an order of the circuit court striking out the demurrer of the defendants to the complaint in the action as frivolous.   The demurrer stated three grounds: (1) A defect of parties plaintiff, and a misjoinder and improper joinder of parties plaintiff; (2) That several causes of action have been improperly united; (3) That the complaint does not state facts sufficient to constitute a cause of action.

The learned counsel for the appellants do not undertake to sustain the first ground of demurrer above stated, even against the charge of frivolousness; but as to the other grounds, they not only undertake to sustain them against that charge, but insist that they are well taken, and should have been sustained by the court.

After reading the elaborate argument made by the learned counsel for the appellants in support of the third ground of demurrer, we think we would hesitate to declare that it was frivolous.   That question is not, however, before this court. Upon an appeal from an order striking out a demurrer as frivolous, which order also allows the defendant to answer upon the usual terms, this court has established the rule that the order will not be reversed unless the demurrer be in fact well taken.   The rule is based upon the fact that under the statute the party may have the same relief, by permission to answer, as he would if his demurrer had been overruled upon its merits.   When, therefore, the court striking out the demurrer grants the same relief that would be granted on overruling the same upon argument, to reverse such order upon an appeal to this court, when it is evident such demurrer must be overruled upon its merits, could only have the effect to protract litigation at the expense of both parties, without the possibility of any beneficial result to either. Sec. 2681, R. S.; *Diggle v. Boulden,* 48 Wis. 477, 482; *Lerdall v. Charter Oak L. Ins. Co.* 51 Wis. 426, 430; *Magdeburg v. Uihlein,* 53 Wis. 165; *Krall v. Libbey,* 53 Wis. 292,

295.   In considering the demurrer of the appellants to the complaint, we must proceed as though the sufficiency of the demurrer was the only question before us.

We will first consider the third ground of demurrer, viz., that "the complaint does not state facts sufficient to constitute a cause of action." The cause of action clearly intended to be stated in the complaint is substantially as follows: The plaintiffs are the heirs at law of Sextus Hoffman, deceased, who died intestate in September, 1873; that at the time of his death he was the owner of certain real estate, described in the complaint, situate in the county of Douglas, in this state, giving the value thereof; that *Leonard F. Wheelock* was duly appointed administrator of the estate of said Hoffman, June 7, 1875; that he caused an inventory and appraisement of said estate to be made; that he petitioned the county court of Douglas county for leave to sell the real estate of the deceased to pay the debts of the deceased, and that he obtained a pretended license from said court to sell the same, but which, it is alleged, was void, because not signed by the county judge; that by virtue of such license he pretended to sell said real estate; that he made a report of sale to said court, which court, on August 3, 1880, confirmed said sale, and directed said *Wheelock*, as such administrator, to convey such real estate to the purchaser at such sale; and that on the 26th day of August, 1880, said *Wheelock*, as such administrator, executed a deed for said real estate to *Henry L. Woodard*, which was duly acknowledged and recorded in the office of the register of deeds of said county of Douglas on the 26th day of August, 1880. The complaint also alleges that *Woodard* and wife, by *Leonard F. Wheelock*, his attorney in fact, conveyed all the lands described in the deed of *Wheelock* as administrator to *Woodard*, to *Hamilton Peyton*, of Minnesota, August 25, 1882, which deed was also duly recorded in the office of the register of deeds of Douglas county, for the nominal

consideration of $10.   And it further alleges that since the pretended sale of said lands to *Woodard*, the said *Leonard F. Wheelock* leased some part of said real estate to the defendant J. A. Hall, and that Hall sublet the same to the defendant E. H. Badgero, who was in possession as tenant of Hall at the time of the commencement of the action. There are numerous allegations in the complaint of fraud on the part of *Wheelock* as administrator of said estate, and in the pretended sale of such real estate, which, if true, clearly show that the pretended sale to *Woodard* was a sham; that the title of *Woodard*, if he obtained any by such sale, was held by him in trust for said *Wheelock;* that *Woodard* never paid anything for said lands; that the conveyance from *Woodard* to *Peyton* was without any consideration; that if the title ever vested in *Peyton* under said deed, it was held in trust for *Wheelock;* and that *Woodard*, *Peyton*, and the tenants had full knowledge of the fraudulent character of the pretended sale made by *Wheelock*. The complaint also charges that the proceedings and sale were void because the license to sell was not signed by the judge of the court, and because no guardian *ad litem* was appointed by the county court for the minor heirs of the deceased, on the hearing of the petition for sale.

It is unnecessary to a full understanding of the case to state more particularly the facts alleged, showing the fraudulent character of the whole proceedings on the part of *Wheelock* as administrator, as it is not seriously contended on the part of the appellants that the facts alleged in the complaint are not sufficient to avoid the sale and administrator's deed, as well as the conveyances to the other defendants. The point made by the learned counsel for the appellants upon this ground of demurrer is that the facts alleged by the complaint show that the administrator's deed is absolutely void, and is therefore no cloud upon the title of the plaintiffs; and not having alleged facts showing them-

selves in the actual possession of the lands in controversy, this action cannot be sustained, and that their remedy, if any, must be by action of ejectment. In this we think the learned counsel are mistaken. The real *gravamen* of the action set out in the complaint of the plaintiffs, and upon which they rely for relief, is not the irregularities in the proceedings and sale, but the fact of actual fraud on the part of the administrator. If it should turn out on a trial of the action that all the proceedings were regular and the deed valid so far as their regularity is concerned, still, if the plaintiffs establish by their evidence the actual fraud of the administrator set up in the complaint, they would be entitled to relief against the administrator and those claiming under him who had knowledge of such fraudulent acts on his part.

Under sec. 4154, R. S. (see *Chase v. Whiting*, 30 Wis. 544; *Ehle v. Brown*, 31 Wis. 405), the administrator's deed is *prima facie* evidence of the regularity of the proceedings prior to the sale, and is therefore a cloud upon the plaintiff's title, which he may have removed by proceedings in a court of equity. *Moore v. Cord*, 14 Wis. 213; *Gile v. Hallock*, 33 Wis. 523; *Pier v. Fond du Lac*, 38 Wis. 470; *Willis v. Sweet*, 49 Wis. 505. We think the allegations of the complaint are abundantly sufficient, if proved, to establish the invalidity of the administrator's sale and conveyance, on the ground of actual fraud on the part of the administrator, irrespective of any irregularities that may or may not exist in the proceedings of the probate court; and the deed and the record thereof, under the statute above cited, being presumptive evidence of a valid title in the grantee therein named, creates such a cloud upon the plaintiffs' title as authorizes them to maintain their action to have the same declared void. We think the third cause of demurrer was not well taken, and was properly overruled by the court.

After a careful consideration of the second ground of de-

murrer, we are forced to the conclusion that it is well taken, and should have been sustained by the court. We think the complaint clearly states two causes of action: one against the administrator alone, and one against all the defendants. The cause of action against all the defendants grows out of, and is strictly connected with, the fraudulent sale of the lands of the deceased by the administrator, set out in the complaint, and affects them all, as was held by the court in *Bassett v. Warner*, 23 Wis. 673, and *Blake v. Van Tilborg*, 21 Wis. 672. The other cause of action is not connected with the fraudulent sale. It grows out of matters which transpired before the sale took place, and with which the other defendants are in no way connected by the allegations of the complaint.

The allegations upon which this cause of action is based, are, substantially, that after the appointment of *Wheelock* as administrator of the estate of the deceased, and before he made the sale as administrator, he committed waste upon the premises in question by removing therefrom and selling a tannery and dwelling-house situate thereon, and also dug up and sold apple trees that were standing and growing thereon; also that he leased a part of said land, and received some rents therefor as administrator, for which he has failed to account. In the prayer for relief, the plaintiffs, among other things, demand judgment "that said defendant *Leonard F. Wheelock* be required by the order and judgment of this court to account in this action for all damages done by him while acting in the capacity of administrator of the estate of said Sextus Hoffman, deceased, to the said real estate hereinbefore described, by his said acts of waste thereon done by him while acting as such administrator as aforesaid." This demand for judgment can only be predicated upon the acts alleged in the complaint to have been done by *Wheelock* alone, before the administrator's sale, and the other defendants are in no manner connected

with any of these acts, nor are they in any way sought to be held responsible for said acts.

Sec. 2647, R. S., defines what causes of action may be united in one complaint, and closes up with the following language applicable to all, viz.: "But the causes of action so united must all belong to one of these classes, and must affect all the parties to the action, and not require different places of trial, and must be stated separately." In this case the cause of action for the waste committed by the defendant *Wheelock* affects all the plaintiffs to the action, but it does not in any way affect any of the defendants except *Wheelock*. It cannot, therefore, be joined with another cause of action which affects all the plaintiffs and defendants to the action.

Had not the plaintiffs demanded a separate judgment against *Wheelock* for the damages caused by his wasting the premises, the allegations in the complaint as to the waste and damage committed by the defendant *Wheelock* might have been treated as proper allegations bearing upon the right of the plaintiffs to an injunction against the defendants pending the action, and the case would come within the rule laid down by this court in *Riemer v. Johnke*, 37 Wis. 258, 261.

The plaintiffs having stated a good cause of action against *Wheelock* alone for the recovery of the waste and damage committed by him previous to the sale of the lands to the other defendants, and having demanded a separate judgment against him for such damage and waste, we cannot hold otherwise than that two causes of action are stated in the complaint, only one of which affects all the parties thereto. The complaint was properly subject to the demurrer that two causes of action were improperly joined. Whether this defect can be reached by a joint demurrer of all the defendants, when such causes of action are properly joined as to one of the defendants, need not be decided in this case, as

we hold that the record shows that the defendants demurred separately. The demurrer should have been sustained as to all the parties defendant in any event, except as to the defendant *Wheelock*. We are also inclined to hold that *Wheelock* may also object to the complaint, which states a cause of action against him alone, and another cause of action against him and his co-defendants. The plaintiff has no right to compel him to litigate in the same action a matter which relates to him alone, and at the same time litigate a matter in which he and several others are interested as parties. In New York, under a statute in all material respects like the statute of this state, when there were several defendants, and the complaint set out a separate cause of action against each defendant, but no joint cause of action against two or more of them, a joint demurrer by all the defendants that several causes of action have been improperly joined was sustained. *Hess v. B. & N. F. R. R. Co.* 29 Barb. 391; *Goelet v. Gori*, 31 Barb. 314, 322. In *Jackson v. Brookins*, 5 Hun, 530; *Malone v. Stilwell*, 15 Abb. Pr. 425; and *Higgins v. Crichton*, 2 N. Y. Civil Proc. (Browne), 317, it was held that the defendants might, in such case, demur separately; and it was so held in *Ashby v. Winston*, 26 Mo. 210. None of the cases which I have been able to find present the exact point raised in this case as to the defendant *Wheelock*. As against him, if sued alone, we think there would be no misjoinder of actions. Still we are of the opinion that he may, if he sees fit, object to the joinder of an action which affects him only, with another action which affects him and his co-defendants jointly or severally; and it may be immaterial in such case, as seems to have been held by the New York courts, whether the demurrer be joint or several in such case. We think the demurrer on the ground that there was a misjoinder of causes of actions should be sustained, and for that reason the order of the circuit court appealed from must be reversed.

*By the Court.*— The order of the circuit court striking out the demurrer of the defendants as frivolous is reversed, and the cause is remanded with direction to that court to sustain the demurrer for the reasons stated in this opinion.

Upon the second appeal the following opinion was filed:

TAYLOR, J.   This is an appeal from the order of the court refusing to set aside the temporary injunction issued in the action, restraining the defendants from transferring the property in dispute and from committing waste thereon during the pendency of the action.

It is urged by the learned counsel for the appellants that the injunctional order should not have been granted, for the reason that all the material facts charging fraud upon the defendant *Wheelock* and the other defendants are stated on information and belief, and not positively; and that the injunctional order was granted upon the sworn complaint alone.   After a careful reading of the complaint, we do not think the objection well taken.   Many of the facts are stated positively which tend to establish the fraud of *Wheelock;* and it does not appear to us that any injustice was done in granting the injunction.   Nor, as bearing upon this question, do we deem it material that the complaint was properly subject to a demurrer on the ground of the improper joinder of causes of action.   The whole scope of the action, and the principal relief sought, is to vacate the sale of the lands of the plaintiffs on the ground of fraud, and restore the title to them; and the facts alleged clearly entitle them to that relief, if they establish them on the trial.   It ought not to prejudice their right to have the defendants restrained from further embarrassing them in establishing their rights to the property in question, because they have inadvertently demanded relief against *Wheelock* upon

a cause of action which, as to the other defendants, is in no way connected with the fraud charged against them.

*By the Court.*— The order appealed from is affirmed, and the cause remanded for further proceedings.