[S. F. No. 3072. Department One.—December 30, 1902.]

MINNIE C. ALDRICH, Appellant, v. ANNIE BARTON et al., Surviving Trustees under the will of William A. Aldrich, Deceased, et al., Respondents.

TRUST—FRAUDULENT ACCOUNTING—IGNORANCE OF BENEFICIARY—SUIT IN EQUITY.—The trustees under a will who, with intent to defraud an absent beneficiary, present a false account to the court, and secure its settlement as presented, are guilty of a fraud extrinsic to the case upon the court, as well as upon the beneficiary; and the beneficiary, who had no knowledge of the fraud until after the expiration of the time limited for moving to vacate the order of settlement or for appealing therefrom, may maintain a suit in equity to compel the trustees to pay to her the amount of which she had been defrauded by the settlement.

APPEAL from a judgment of the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion.

A. Everett Ball, for Appellant.

The fraud alleged was extrinsic and collateral. (*Bergin* v. *Haight*, 99 Cal. 56; 2 Pomeroy's Equity, sec. 919; Story's Equity, sec. 885; *Sohler* v. *Sohler*, 135 Cal. 323;[1] *Sullivan* v. *Lumsden*, 118 Cal. 668; *Griffith* v. *Godey*, 113 U. S. 93.)

Drown, Leicester & Drown, and J. F. Leicester, for Respondents.

The fraud alleged is not extrinsic or collateral to the matters passed upon and determined in settling the account.

---

[1] 87 Am. St. Rep. 98.

(*United States* v. *Throckmorton,* 98 U. S. 61; *Hanley* v. *Hanley,* 114 Cal. 690; *Fealey* v. *Fealey,* 104 Cal. 354;[1] *Pico* v. *Cohn,* 91 Cal. 129;[2] *Langdon* v. *Blackburn,* 109 Cal. 19.)

GRAY, C.—In this action the demurrer to the amended complaint, based on the ground that the complaint failed to state a cause of action against defendants, was sustained, and the plaintiff refusing to further amend, judgment was entered against her, from which she takes this appeal.

The amended complaint alleges in substance that plaintiff is the surviving wife of William A. Aldrich, deceased, and that under the will of said deceased, and under a decree of distribution made in the estate of said deceased to certain trustees upon the trust named therein, she was and is entitled to be paid one fourth of the rents, income, issues, and profits of the residue of the estate of said deceased by the defendants, who are the trustees under said will and the appointment of the court, for the purpose of carrying into effect the terms of the decree of distribution under said will; that defendants filed an account in the probate court.

Quoting from the amended complaint, it further avers:—

"That said trustees, in said account so rendered as aforesaid, falsely and fraudulently, and with intent to cheat and defraud this plaintiff out of the money received by them as net rents, income, issues, and profits derived from said one fourth part of the said residue of the said estate, which should come to and belong and be paid to her, placed the following items as received by them on account of the sale of certain forty-three shares of capital stock of the Germania Lead Works, which said stock was a part of the one fourth of the residue of said estate distributed to, and held by, said trustees for said plaintiff, as aforesaid,—viz., the sum of $2,713.40, the sum of $430, and the sum of $190.92, aggregating the sum of $3,334.32,—while in truth and in fact said sums of money were no part of the purchase price of said stock, but were dividends upon said stock, and as such should have been credited to the account of this plaintiff, as income, issues, and profits, which fact was well known to said trustees, but said trustees falsely and fraudulently concealed said fact from said court and this plaintiff.

[1] 43 Am. St. Rep. 111, and note.      [2] 25 Am. St. Rep. 159, and note.

"That said trustees, by so falsely and fraudulently charging said sums of money to the principal as part of the one fourth of said residue, cheated and defrauded this plaintiff out of said sums of ·money.

"That thereafter, and on the eleventh day of June, 1900, said court, by its order, settled and allowed said account as rendered, as there was nothing upon the face of said account to indicate the fraud so perpetrated upon this plaintiff, and no opportunity to call the attention of the court to the same, or to determine any issue of fraud, and the court, as well as this plaintiff, was imposed upon and deceived, and the settlement and allowance of said account so rendered was had without any knowledge of the court as to the fraud so perpetrated.

"That at the time said account was filed in said court, as aforesaid, said plaintiff was a resident of the Hawaiian Islands, and had no notice of the filing of said account or of its contents, or of the hearing thereof, except such notice as the court ordered,—viz., posting for ten days,—and that the said account was settled and allowed without any knowledge thereof upon the part of said plaintiff, and said plaintiff was not represented at the hearing thereof, and she did not know of any of the matters contained in said account, or anything regarding the same, until she came to·California, on or about the fourteenth day of January, 1901, when she was informed of the true state of the facts as set forth above, when she immediately took steps to have the matter adjusted.

"That said plaintiff relied, as she had a right to, upon the said trustees exercising the utmost good faith towards her, and upon their rendering true and correct accounts of their trust.

"That more than six months had elapsed since the settling and allowing of said account, at the time she first became aware of the facts alleged herein, and that she had been defrauded out of the money by said trustees, and her right to move in the matter or to appeal from the order settling said account had passed, and the only remedy left her was to appeal to the equitable jurisdiction of this court."

We think the amended complaint states a cause of action, and shows just grounds for granting that portion at least of the prayer of the complaint which asks to have the trustees compelled to credit and pay to plaintiff the sum of $3,334.32.

The facts alleged show that they have, or ought to have, in their hands as trustees for plaintiff that amount of money, which in equity and good conscience they should at once pay to her, and the order of the probate court obtained, as it is alleged to have been, for the purpose of defrauding plaintiff, should constitute no obstacle to plaintiff obtaining this relief.

The trustees took advantage of the absence of the *cestui que trust* to present a false and fraudulent petition to the court and have it acted upon without her knowledge.   This was a fraud upon the court as well as upon the absent interested party, and this is held to be a fraud "extrinsic to the case," which prevented the plaintiff from being properly represented at the hearing, or from being represented at all. (*Sohler* v. *Sohler*, 135 Cal. 323.[1])   In the Sohler case the fraudulent decree was the result of a conspiracy between the trustee and another, but the principle of that case applies with equal force here, for a fraud is equally abhorrent to equity, and is to be measured by the same rules, whether it be the result of a conspiracy or arises from the corrupt motives of the trustee alone.   The demurrer should have been overruled.

We advise that the judgment be reversed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed.   Garoutte, J., Harrison, J., Van Dyke, J.