[S. F. No. 4175.    Department One.—October 9, 1907.]

ABIGAIL CAMPBELL-KAWANNANAKOA et al., Appellants, v. ALICE K. CAMPBELL et al., Trustees under the Will of JAMES CAMPBELL, Deceased, Respondents.

APPEAL FROM JUDGMENT—DEMURRER TO COMPLAINT—REFUSAL TO PERMIT AMENDMENTS.—Upon an appeal by the plaintiff from a judgment entered against him upon sustaining a demurrer to the complaint on the ground of its failure to state a cause of action, proposed amendments to the complaint which the plaintiff requested leave to make at the time the demurrer was sustained and which the trial court refused on the sole ground that if allowed the complaint would still fail to state a cause of action, will be considered in determining whether a cause of action was stated in the lower court.   If the complaint and the proposed amendments stated a cause of action the refusal to allow the amendments was error.

ID.—BILL OF EXCEPTIONS—TIME OF APPEAL FROM JUDGMENT.—A bill of exceptions to the order of the trial court refusing to allow the amendments may be considered on the appeal from the judgment, although the appeal was not taken within sixty days after the rendition of the judgment.

ID.—COMPLAINT FOR FRAUD—ALLEGATIONS ON INFORMATION AND BELIEF —MATTERS KNOWN TO DEFENDANT.—In a complaint sounding in fraud, allegations as to matters which are peculiarly within the knowledge of the defendant, and as to which the plaintiff could learn only from statements made to him by others, may be made on information and belief, and on a demurrer to the complaint, must be taken equally with the positive allegations as stating facts confessed by the defendant.

REAL PROPERTY—LAW OF SITUS GOVERNS TITLE AND DISPOSITION— TRUST.—The title and disposition of real estate is governed by the *lex loci rei sitæ.*   This rule necessarily includes the proposition that the validity of a trust in real estate attempted to be created by a will must be determined by the law of the *situs* of the real estate.

ID.—VOID TRUST IN REAL ESTATE—UNLAWFUL SUSPENSION OF POWER OF ALIENATION—DIRECTION TO TRUSTEE TO CONVEY—WILL.—A trust in real estate situated in this state, attempted to be created by a will is void if it either suspends the power of alienation for a longer period than during the continuance of lives in being at the time of the death of the testator, or if it devises the title in fee simple to trustees to be conveyed by them to the beneficiaries. As to the subject-matter of such an invalid trust, attempted to be created by the residuary clause of a will, the deceased dies intestate, and the property descends by succession to his heirs at law, subject only to proper administration of his estate.

EXTRINSIC FRAUD — PROBATE ORDERS — SHAM SALE OF REAL ESTATE— EQUITABLE RELIEF.—The administratrix of the will of the testator, the trustees under his will, and one of his adult heirs, in pursuance of a conspiracy between them to prevent a distribution of the real estate constituting the subject-matter of such void trust to the testator's heirs at law, by fraudulent imposition on the court in which the probate proceeding was pending, obtained an order for the sale of such property, made a return of its sale, and obtained orders for the confirmation of the sale and for the distribution of the proceeds thereof, and thereafter the purported purchaser conveyed the property to the trustees. All of such probate proceedings, from the petition for the order of sale to and including the decree distributing the alleged proceeds of sale, were a mere sham, and were carried through by means of false representation to and concealments from the court as to the real facts and purposes of the transaction. The heirs of the testator, other than the one joining in the conspiracy, were non-residents of California, from whom the nature of the transaction was concealed, and who were wholly in ignorance thereof. Two of such heirs were minors, and the administratrix was their mother. *Held*, that such facts established a case of extrinsic fraud as against the non-resident heirs of the testator, warranting equitable relief in their behalf, and that it could not be said that no injury resulted to them from such acts.

ID.—PARTY GUILTY OF FRAUD CHARGEABLE AS TRUSTEE.—Where the judgment or order of a probate court assailed is of such a character that a court of equity may not properly set it aside, it may nevertheless prevent an inequitable advantage being taken of it by adjudging the guilty beneficiary or his successor with notice a trustee for the defrauded party, and the order or decree from the effect of which relief is sought cannot constitute a bar to an action for such equitable relief. Such an action is a direct and not a collateral attack on the judgment or order.

APPEAL from a judgment of the Superior Court of Santa Clara County. A. L. Rhodes, Judge.

The facts are stated in the opinion of the court.

H. L. Gear, Charles W. Slack, and J. J. Dunne, for Appellants.

C. T. Bird, and Charles Clark, for Respondents.

ANGELLOTTI, J.—This is an appeal by plaintiffs from a judgment rendered against them on the sustaining of demurrers to their amended complaint.

In addition to the ground of want of facts, various other grounds were specified in the demurrers, such as want of jurisdiction, improper joinder of causes of action, defect of parties, ambiguity, uncertainty and unintelligibility. Defendants, however, do not discuss in their briefs any of these grounds, but confine themselves to the general ground of want of facts. We see no force in any of the other objections made by demurrer, and will not discuss them.

By the bill of exceptions settled for use on this appeal, it appears that plaintiffs, at the time of the sustaining of the demurrers, asked leave to amend their amended complaint by adding thereto certain allegations, a copy of which proposed amendment was served upon defendants and submitted to the court, and that the application was denied by the court solely upon the ground that if said proposed amendments were considered as incorporated in the amended complaint, said amended complaint would not state a cause of action. Under the circumstances we have no doubt that the proposed amendments should be taken into consideration in determining whether a cause of action was stated by plaintiffs in the lower court. If, with the aid of such amendments, a cause of action would have been stated in the complaint, and the amendments were essential to a statement of a cause of action, it must be held, inasmuch as the court based its refusal solely on the ground stated, that the court erred in refusing leave to amend. There is nothing in the contention that the bill of exceptions cannot be used on this appeal because the appeal was not taken within sixty days after the rendition of the judgment. The statute relied on in this regard (Code Civ. Proc., sec. 939, subd. 1) refers only to exceptions to a decision on an issue of fact on the ground that it is not supported by the evidence given on the trial.

The action is one in equity by certain heirs of James Campbell, deceased, to obtain a decree adjudging the defendants to hold one half of certain valuable real property in the city of San Jose, in this state, known as the St. James Hotel property, with the improvements thereon, as trustees for plaintiffs, and for an accounting as to the rents and profits thereof received by defendants, on the ground of the alleged fraud of defendants in procuring the title in the course of administration of the estate of deceased in the superior court of Santa Clara County.

The case stated by the amended complaint was as follows: The plaintiffs are three children of James Campbell, deceased, and defendant Abigail Campbell-Parker, his surviving wife, two of them being minors. Defendant Alice K. Campbell is the only other child of said parties, and said surviving wife and four children are the sole heirs at law of the deceased. Said James Campbell died at Honolulu, in the Territory of Hawaii, on April 21, 1900, being a resident of that place at the time of his death. He then owned the whole of the said St. James Hotel property as his separate property. He left a will by which he devised one third of his personal property to his widow, and assumed to devise all the rest of his property to his wife and defendants Carter and Brown, as trustees. The trust attempted to be created by the will was contrary to the laws of this state prohibiting the suspension of the power of alienation for a longer period than during the continuance of lives in being at the time of the death of the testator, and was therefore void in its creation as to real property situated within this State. (Civil Code, secs. 715, 716; *In re Walkerly,* 108 Cal. 627, [49 Am. St. Rep. 64, 41 Pac. 771].) It was also void as to such real property, under our decisions, because it devised the title in fee simple to the trustees to be conveyed by them to the beneficiaries. (*Estate of Fair,* 132 Cal. 523, [84 Am. St. Rep. 70, 64 Pac. 100]; *Estate of Stanford,* 136 Cal. 97, [68 Pac. 494]; *Estate of Pichoir,* 139 Cal. 682, [73 Pac. 606].) According to the terms of this attempted trust, the property was to be held by the trustees during the lives of the wife and children *in esse* at the date of his death, and the survivor of them, and if at the death of such survivor there should be *in esse* any lawful issue of any child, the trust was to continue for the further definite period of thirty

years, provided any of such issue shall live so long, and if not, then for such lesser term as the survivor of such issue shall live, and at the expiration of the trust the property was to be conveyed by the trustees to the surviving lawful issue of the children. The will of deceased was admitted to probate in the territory of Hawaii on June 26, 1900, and an authenticated copy thereof was, on July 27, 1900, admitted to probate in the superior court of Santa Clara County. On December 20, 1901, the surviving wife was appointed and qualified as administratrix with the will annexed in said superior court. Thereafter, she and the other defendants conspired and colluded together to prevent a distribution of the real property under the law of this state, under which, the trust being void, the property would be distributed to the heirs at law (one third to the surviving wife and one sixth to each of the children), and to have the title thereto placed in the name of the trustees and the property retained by such trustees under such void trust. The plan adopted and carried into execution was as follows: The administratrix petitioned the superior court of Santa Clara County for an order of sale of said property, and the furnishings of the hotel thereon, on the ground that it was for the advantage, benefit and best interest of the estate that a sale be made so that the proceeds could be invested in the territory of Hawaii, under the personal control and management of the persons interested in the estate. An order for the sale of all such property was procured from the court on this petition. The administratrix procured from defendant Alice K. Campbell a nominal bid for the property in the sum of one hundred and sixty-six thousand two hundred and fifty dollars. She then made a return of sale to the superior court, in which she represented that she had sold the property under the order of sale to said Alice K. Campbell for one hundred and sixty-six thousand two hundred and fifty dollars. On this, an order was obtained on February 9, 1903, confirming the purported sale, and ordering a conveyance to the purchaser. On February 10, 1903, the administratrix executed a deed of the property to said Alice K. Campbell for a purported consideration of one hundred and sixty-six thousand two hundred and fifty dollars, which deed was at once recorded. Said Alice K. Campbell had no means wherewith to make the purchase, and in fact

paid no consideration for the property. The administratrix, thereupon, on February 20, 1903, procured a nominal decree of distribution of the one hundred and sixty-six thousand two hundred and fifty dollars, which she had never received, and certain other moneys in her hands, to the defendant trustees, and procured a purported receipt for the same from the trustees, although they never received any portion of the one hundred and sixty-six thousand two hundred and fifty dollars. Alice K. Campbell, the purported grantee in said probate sale, in further execution of the plan, then conveyed the St. James Hotel property to the defendant trustees, and they have ever since been in possession and control of the property. Ever since the death of deceased, the plaintiffs have been residents of the territory of Hawaii, and were wholly in ignorance of their rights in respect to the St. James Hotel property, and of the facts constituting the fraud upon them until after it was too late to obtain any adequate relief in the matter of the estate of said deceased. The defendants, well knowing the rights of plaintiffs in regard to the property, concealed the same from them, and also concealed from them the acts and facts complained of. The date of the commencement of this action does not appear in the record, but it does appear that the amended complaint was filed November 17, 1903.

Complaint is made that some of the allegations of the amended complaint are based on information and belief. These allegations are, however, as to matters which are peculiarly within the knowledge of defendants, and as to which the plaintiffs could learn only from statements made to them by others. There can be no question that such allegations may properly be based on information and belief. (See *McDermont* v. *Anaheim etc. Co.*, 124 Cal. 115, [56 Pac. 779].) Therefore, they must here be taken equally with the positive allegations as stating facts confessed by the defendants.

We are not advised of the particular reason upon which the learned judge of the trial court based his conclusion that the facts stated were not sufficient to establish a cause of action in plaintiff. It appears very clear to us that a complete case is thereby made for the interposition of the court of equity.

It is the universally accepted rule that the title and disposition of real estate is governed by the *lex loci rei sitæ*. This necessarily includes the proposition that the validity of a

trust in real estate attempted to be created by a will must be determined by the law of the *situs* of the real estate. (See *Penfield* v. *Tower,* 1 N. Dak. 216, [46 N. W. 413].) This is apparently conceded by counsel for defendants. In the absence of a direction by the testator for the sale of the property, we are not concerned here with the doctrine of equitable conversion. (*Estate of Walkerly,* 108 Cal. 652, [49 Am. St. Rep. 97, 41 Pac. 772].) The trust here, therefore, was void as to the real property of deceased situated within the state of California. It follows that as to such property the deceased died intestate, and the same descended by succession to his heirs at law (*Estate of Walkerly,* 108 Cal. 627, 652, 660, [49 Am. St. Rep. 97, 41 Pac. 772]), one third to his surviving wife, and one sixth to each of his four children (Code Civ. Proc., sec. 1386, subd. 1) subject only to proper administration of his estate.

In the face of these facts, it is idle to assert that no injury resulted to plaintiffs, three of these children, from the acts of defendants. By those acts, the property to which they had succeeded under the laws of this state was irrevocably taken from them without consideration under color of valid probate proceedings, and placed in the name and possession of the trustees under the void trust. It is no answer to this to say that the deceased intended that they should not have this property, and that the acts of the defendants simply result in accomplishing the intent of deceased as expressed in his will. We have already seen that as to this property, the expressed intent of the deceased *was ineffectual for any purpose and the deceased died intestate.* "A testator must do more than merely evince an intention to disinherit before the heirs' right of succession can be cut off. He must make a valid disposition of his property." (*Estate of Walkerly,* 108 Cal. 652, [49 Am. St. Rep. 97, 41 Pac. 772].) It might as well be argued that if a person had indicated an intention as to a disposition of his property to the exclusion of an heir at law by a writing not executed in accordance with the laws of this state and therefore absolutely void as a will, no injury would result to such heir from the concocting of a forged will expressing this intention, the probate thereof, and the distribution of the property of the deceased thereunder. Whatever other objection may reasonably be made to this action, certainly that of

want of injury to the plaintiffs is not worthy of serious consideration.

That the acts of the defendants constituted a fraud upon plantiffs, as well as upon the court, appears to be too clear for question. All the proceedings in the superior court of Santa Clara County from the petition for the order of sale to and including the decree of distribution of the proceeds of the sale, were a mere sham, a scheme devised and carried into effect by defendants to remove the property from administration under color of proceedings for the sale thereof in the manner and for the purposes authorized by our probate law, and to thus accomplish a practical distribution thereof to the trustees under the void trust. There was, in fact, no necessity for any sale of the property, no intention to sell, no sale, no proceeds of sale to be distributed or delivered to the trustees named as distributees in the purported decree. It was all a fraudulent imposition upon the jurisdiction of the superior court, an attempt by concealing the real facts of the transaction from the court to use that jurisdiction for the purpose of depriving plaintiffs without consideration of the property to which they had succeeded under our law—a mere cloak to cover what was in fact simply the bodily taking of plaintiffs' property without consideration and without any authority of law.

Defendants' counsel do not appear to seriously dispute that such acts would constitute a fraud, but they urge that inquiry in regard thereto is barred by the orders of the superior court authorizing the purported sale, confirming the purported sale, and distributing the purported proceeds. The jurisdiction of courts of equity to afford appropriate relief from judgments generally, and from such orders and decrees in probate proceedings as are here involved, when obtained by certain kinds of fraud, is too well established to be questioned. (See *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317] and cases there cited.) Where the judgment or order assailed is of such a character that a court of equity may not properly set it aside, it may nevertheless prevent an inequitable advantage being taken of it by adjudging the guilty beneficiary or his successor with notice a trustee for the defrauded party. This character of relief is very common in the matter or fraudulent probate proceedings. The order or decree from the effect of which relief

is sought cannot constitute a bar to such equitable action. As has been said, it is solely because of the order or decree, collaterally unassailable and valid on its face, that the equitable jurisdiction is necessary and exists. The contention that a proceeding of the kind before us constitutes a collateral attack on the probate orders is not well founded. It is a direct attack. (*Bacon* v. *Bacon*, 150 Cal. 477, [89 Pac. 317]; *Bergin* v. *Haight*, 99 Cal. 52, [33 Pac. 760].) In view of what has been said, it is apparent that even if it be assumed that the order distributing the purported proceeds was an adjudication by the superior court of the validity of the trust which is not collaterally assailable (*Crew* v. *Pratt*, 119 Cal. 139, [51 Pac. 38]; *Matter of Trust of Trescony*, 119 Cal. 568, [51 Pac. 951]), such adjudication will not bar this proceeding if it was obtained by fraud of such a character as will warrant the exercise of the well settled equitable jurisdiction.

It is true, as urged by counsel for respondents, that a court of equity is not authorized to relieve a party from the effect of a judgment or order of a court having jurisdiction to render the judgment or make the order, on the ground that the same was obtained by fraud, unless the fraud be, as was said in *Pico* v. *Cohn*, 91 Cal. 129, [25 Am. St. Rep. 159, 25 Pac. 970, 27 Pac. 537], "extrinsic or collateral to the questions examined and determined" in the proceeding resulting in the judgment or order. That was a case where it was sought to annul a decree in another action between the same parties upon the ground that the prevailing party therein had obtained the decree by the introduction of evidence which he knew to be false and the giving of which he had accomplished by bribing the witness. It was held, in accordance with the views expressed in *United States* v. *Throckmorton*, 98 U. S. 65, that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. It was said in that case: "The reason of this rule is, that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, *unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or*

CLII Cal.—14

*collateral fraud, has prevented a fair submisison of the controversy.*

The fraud here alleged, however, was extrinsic or collateral, within the meaning of the rule. We are not confronted with a case where a party was in a former proceeding simply deprived by some fraudulent artifice or breach of fiduciary duty on the part of the prevailing party of his opportunity to be heard upon the issues there presented and determined, which is perhaps the most common instance of what is held to be extrinsic fraud. (See *Bacon* v. *Bacon,* 150 Cal. 477, [89 Pac. 317] ; *Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282] ; *Aldrich* v. *Barton,* 138 Cal. 220, [94 Am. St. Rep. 43, 71 Pac. 169].) The extrinsic character of the fraud is even clearer here than in such a case. The complaint is that the former proceedings were wholly sham, a mere fraudulent contrivance designed solely to give the appearance of legality and protection against attack to what was in fact nothing but the taking of plaintiffs' property without consideration and without any authority of law, and that they were carried through by means of false representation to and concealments from the court as to the real facts and purposes of the transaction. Such an imposition upon the jurisdiction of the court, to the injury of the absent property-owners, from whom the nature of the transaction was concealed and who were wholly in ignorance thereof and could not have learned concerning the same from anything appearing on the face of the purported proceedings, by one who was their trustee for the proper administration of the affairs of the estate and the preservation of the property for legal distribution *(Bergin* v. *Haight,* 99 Cal. 52, [33 Pac. 760] and who was, moreover, as the natural guardian of two of the owners, under obligation to protect their rights, *(Sohler* v. *Sohler,* 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282], clearly constituted under the authorities what is known as extrinsic fraud warranting equitable relief. (See *Bergin* v. *Haight,* 99 Cal. 52, [33 Pac. 760] ; *Tillman* v. *Thomas,* 87 Ala. 524, [13 Am. St. Rep. 42, 6 South. 151] ; *Fisher* v. *Wood,* 65 Tex. 199; *McCampbell* v. *Durst,* 73 Tex. 410, [11 S. W. 380] ; *Lawson* v. *Acton,* 57 N. J. Eq. 107, [40 Atl. 584] ; *Hoffman* v. *Wheelock,* 62 Wis., 436, [22 N. W. 713, 716] ; *Arrowsmith* v. *Gleason,* 129 U. S. 86, [9 Sup. Ct. 237] ; *Wickersham* v. *Comerford,* 96 Cal. 433, [31 Pac. 358] ;

*Curtis* v. *Schell*, 129 Cal. 208, [79 Am. St. Rep. 107, 61 Pac. 951]; *Anderson* v. *Bank of Lassen County*, 140 Cal. 695, [74 Pac. 287]; see, also, *Sohler* v. *Sohler*, 135 Cal. 323, [87 Am. St. Rep. 98, 67 Pac. 282]; *Aldrich* v. *Barton*, 138 Cal. 220, [94 Am. St. Rep. 43, 71 Pac. 169].) No case cited by counsel for defendants sustains their claim to the contrary.

There is no other point made in support of the ruling of the trial court that requires notice here. The allegations of plaintiffs were sufficient, in our judgment, to show a cause of action.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Shaw, J., and Sloss, J., concurred.

Hearing in Bank denied.