[Civ. No. 14531. Second Dist., Div. Two. Nov. 20, 1944.]

Estate of JAMES P. HENEY, Deceased. CATHERINE B. DRISCOLL, Appellant, v. JOHN T. HENEY et al., Respondents.

Lawrence Paul Scherb for Appellant.

Ralph Hoffman and John C. Miles for Respondents.

McCOMB, J.—This is an appeal from a judgment and decree of the Superior Court of Los Angeles County, sitting in

probate, construing the last will and testament of James P. Heney, deceased.

The essential facts are these:

James P. Heney died testate on October 3, 1941, leaving surviving him three brothers and three sisters. His mother predeceased him. Decedent's holographic will reads as follows:

"November 27, 1939

"I, JAMES PETER HENEY being sound mind do this day make this my last will and Testament. In case I pass away before the passing of my beloved mother It is my desire that all of my possessions of every kind be turned over to her. I know that she will see that all of my just debts are taken care of and that I will have a Christian Burial. I would like to have my good friend Rev. Joseph J. Truxaw say my Funeral Mass and I would like for him to have ($1,000.00) One Thousand Dollars for this and other kindnesses he has given me. I would like very much for mother to make a will at once and I would like for her to leave the Property 1540 to 1548 W. Jefferson Blvd. to my sister Catherine B. Driscoll to belong to her during her life time Provided she keep up all payments and assessments the Balance will make her a nice living. At her death I want the property to be turned over the Archbishop of Los Angeles County to be used in Seminary Work of his choosing. I sincerely request that anyone not mentioned in this will and who is related to me will received not more than ($10.00) Ten Dollars each. This will is written by my own hand and I hope my requests are carried out. Please give my big clock to some Institution.

JAMES PETER HENEY."

This is the sole question necessary for us to determine: *Did the probate court err in ruling that (1) the only valid disposition in the will was a bequest to Joseph J. Truxaw; (2) there was not any valid disposition of the remainder of decedent's estate; (3) the attempted disinheritance clause in the will was invalid; and (4) the balance of decedent's estate went to his heirs at law?*

This question must be answered in the negative and is governed by the following rules:

(1) If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place; except

that when any estate is devised or bequeathed to any kindred of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, or is dead at the time the will is executed but leaves lineal descendants surviving the testator, such descendants take the estate so given by the will in the same manner as the devisee or legatee would have done had he survived the testator. (Prob. Code, § 92.)

(2) Before a disinheritance clause in a will becomes effective the testator must make a valid disposition of his property; it is not sufficient that he merely evince an intention to disinherit certain heirs. (*Campbell-Kawannanakoa* v. *Campbell*, 152 Cal. 201, 207 [92 P. 184]; *Estate of Fritze*, 85 Cal. App. 500, 505 [259 P. 992]. See, also, *Estate of Mathie*, 64 Cal.App.2d 767, 781 [149 P.2d 485].)

A reading of decedent's will discloses that since his mother predeceased him, the only bequest made by his will was to Reverend Joseph J. Truxaw. As to the balance of his estate he died intestate. Therefore, under rule 2 *supra*, the attempted disinheritance clause in the will was ineffective, and under rule 1 *supra*, the portion of testator's estate as to which he died intestate passed subject to administration to decedent's heirs at law.

In *Estate of Hayne*, 165 Cal. 568 [133 P. 277, Ann.Cas. 1915A 926], there was not any clause attempting to disinherit all of a class, merely a provision relative to an advancement made to one of decedent's heirs. Therefore the case is not in point on the present appeal.

For the foregoing reasons the judgment and decree is affirmed.

Moore, P. J., and Wood (W. J.), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 18, 1945.