[Civ. No. 15675. First Dist., Div. Two. July 3, 1953.]

Estate of PETER WILLIAM NICHOLAS WIEBOLDT, Deceased. MARIE WIEBOLDT RONNIGER, Individually and as Administratrix With Will Annexed, etc., Appellant, v. WALTER BIRNBAUM, as Guardian, etc., et al., Respondents.

*Assigned by Chairman of Judicial Council.

Gordon W. Mallatratt, Arthur F. Edwards and Howard I. Paulson for Appellant.

Abraham Setzer for Respondents.

NOURSE, P. J.—The appeal is taken from a minute order interpreting a will, overruling objections to the report of the inheritance tax appraiser, and directing distribution of the residue of the estate—one-half to appellant and one-half to the respondent minors, share and share alike.

The testator left a legacy to each of his two daughters of $500. He made his second wife his residuary legatee without designation of a substitute. The wife predeceased him and her legacy accordingly lapsed. (Prob. Code, § 92.) Mrs. Birnbaum, one of decedent's daughters, also predeceased him leaving two children, the respondents herein.

The only pertinent question raised by the appeal is whether the children of the deceased daughter take by right of representation one-half of the lapsed legacy—the other half going to the surviving daughter. The answer is found in the Probate Code. Section 92 provides: ''If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute another in his place.'' Section 222 provides: ''If the decedent leaves no surviving spouse, but leaves issue, the whole estate goes to such issue; and if all of the descendants are in the same degree of kindred to the decedent they share equally, otherwise they take by right of representation.''

Sufficient authority for the order under review is found in *Estate of Heney,* 66 Cal.App.2d 867, 869 [153 P.2d 427].

Order affirmed with costs taxed against appellant.

Dooling J., and McComb, J.,* concurred.

---

*Assigned by Chairman of Judicial Council.